# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Peter P. Mauchlin , Plaintiff,

v.

Warden B.R. Davis ,

Dr. Zhan, Psychologist ,

Assoc. Warden Munsen (Programs) ,

Assoc. Warden Milusnic (Operations) ,

Unit Manager P. Rangel ,

Casemanager T. Sudlow ,

Correctional Counselor D. Foster ,

Chief Corr. Supv. Krist, et al. , Defendant(s).

(List each named defendant on a separate line.)  See ATTACHMENT Ⓒ

---

## PRISONER COMPLAINT

---

(Rev. 1/30/07)

(1 of 1 page)

Ⓒ ATTACHMENT : LIST OF NAMED DEFENDANTS, Cont-

Chief Corr. Supv. Loyd ("Complex Captain")
Corr. Supv. G. Jensen (Day Watch "SHU" Supv.)
Corr. Supv. W. Barry (Evening Watch "SHU" Supv.)

Total: Eleven (11) named Defendants, <u>one</u>(1) <u>Plaintiff</u>
<u>at this point in time.</u>

- END -

## A. PARTIES

1. ~~Peter P. mauchlin~~  # 71743-158   USP MAX - ADX ,
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   ~~PO Box 8500   Florence~~, CO. 81226.

2. Blake R. Davis, Warden,  USP-MAX, ADX
   (Name, title, and address of first defendant)
   Florence, CO. 81226
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No  (CHECK ONE).  Briefly explain your answer:
   ~~All Named Defendants are federal~~ employees,
   acting under federal Law/Statute.

3. Zhan, Psychologist (PHD-"Dr") USP Max - ADX
   (Name, title, and address of second defendant)
   Florence, CO. 81226
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No  (CHECK ONE).  Briefly explain your answer:
   See 2. (above)

4. Munson, Associate Warden, USP MAX - ADX
   (Name, title, and address of third defendant)
   Florence, CO. 81226
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ___ No  (CHECK ONE).  Briefly explain your answer:
   See 2. (Above)

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant.  The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                         2

ATTACHMENT : " A. PARTIES"

5. MiLusnic, Associate Warden, USP Max - ADX
    Florence, CO, 81226.
      See 2. (above)

6. P. Rangel, Unit manager, USP Max - ADX
    Florence, CO, 81226
      See 2. (above)

7. T. Sudlow, Casemanager, USP max - ADX
    Florence, CO, 81226
      See 2. (above)

8. D. Foster, Correctional Counselor, USP Max - ADX
    Florence, CO. 81226.
      See 2. (above)

9. Krist, Chief Correctional Supervisor, USP Max - ADX
    Florence, CO. 81226
      See 2. (above)

10. Loyd, Chief Correctional Supervisor ("Complex Captain")
    USP Max - ADX,   Florence, CO. 81226.
      See 2. (above)

11. G. Jensen, Correctional Supervisor, USP - Max - ADX
    Florence, CO. 81226.
      See 2. (above)

12. W. Barry, Correctional Supervisor, USP Max - ADX
    Florence, CO. 81226
      See 2. (above)

## B. JURISDICTION

1.  I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

    ___   28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ✓   28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2.  I assert jurisdiction pursuant to the following additional or alternative statutes (if any):
    5th, 14th amendments, US Const., FTCA's § 4.72 (a)(2) and
    (3), 28 CFR 541.31 (Conditions of Confinement), "SHU"

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Federal Prison Officials (USP-ADX, Florence, Co. 81226)/ Defendants, actively and knowingly promoted and maintained Living/Housing Conditions in the Special Housing Unit ("SHU") that constituted an atypical and significant hardship in violation of the 5th and 14th amendments to the US Constitution, CFR 28 541.31, FTCA's 4.72, and Bureau of Prisons Program Statement 5270,11. Such conditions caused both, serious physical Injuries (Physical) and mental suffering to the Plaintiff. Plaintiff brings a "Bivens" action against the Defendants, seeking 5th + jury trial and damages awards (Compensatory and Punitive) against the Defendants.

Peter P. Mauckrein, Plaintiff, pro-se.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: Conditions of Confinement/Deliberate Indifference

Supporting Facts: Plaintiff Peter P. Mauchlin was transferred from General Population of the USP-ADX, Florence, CO., to the special housing unit (SHU) on 01-14-2011, for refusing re-assignment to a "slam-bang" cell (Please see attached Exhibit (12) "Declaration of Peter Mauchlin" in re the first (slam-bang) cell on every tier of the ADX), and Exhibit (1), Incident report dated: 01-14-2011. Plaintiff was then housed in an area of the SHU known as "Nut Row" or "the Monkey House" by SHU staff (Exhibit (3), "Claimant's Statement" in support of a Tort/FTCA Claim), and that

2. During the following 97 days (01-14 — 04-21-2011) Plaintiff was subjected to conditions of confinement on "Nut Row" that were patently unconstitutional (5th, 8th and 14th amendment violations that easily qualified as "atypical and significant hardship", Exhibits (4),(5),(6) and (7), and that,

3. During this same time period, Medical staff recorded significant increases in Plaintiff's blood pressure (Plaintiff is a chronic care cardiac/hypertension patient - Exhibit (8)) but failed to address the cause of the problem, which was being confined to an area that also housed a large number of very noisy, smelly, seriously mentally ill prisoners (Exhibits (4),(5),(6),(7)) which culminated in Plaintiff's suffering a debilitating "Stroke"/CVA (Exhibits (9),(11), and that

4. On the very same day that a medical Doctor examined and diagnosed the Plaintiff (Exhibit (9)), Plaintiff was moved from "Nut Row"

Attachment "D. Cause of Action"

ATTachment "D. Cause of Action"   Claim 1.0    Page 2 of 2 pages

Cont-

to a quiet, clean area of the SHU and, a few days later, was released back to the general population, and that,

5.  Here, Plaintiff respectfully emphasizes to the court that throughout the entire time (97 days) that he was confined to "nut Row", he complained directly and verbally (personally) to each and every individually named Defendant (Please see page 2, "A. Parties" and Attachment "A" of this complaint) on numerous occasions about the conditions under which he was being housed and, their responses ranged from feeble attempts at humor, sarcasm and even a threat — I.E., Deliberate In-difference to both the illegal conditions and the severe risk to the health and safety of all the prisoners housed there in that area of the SHU, and that,

6.  None of the Defendants could credibly claim now to have been unaware of such blatantly unconstitutional conditions, particular-ly those who made daily rounds/inspections of the SHU, and the potential for serious harm that such conditions could give rise to — and in fact did give rise to in the instant case of the Plaintiff, and that,

7.  The Defendant Corr. Counselor, Corr. Supervisors and both chief Corr. Supervisors made daily rounds (weekdays) during the 97 days Plaintiff was housed on "nut Row".

Sworn to under penalty of perjury pursuant to 28 U.S.C. 1746, this 30th day of may, 2012.

                              x  Peter P. Mauchlin, Plaintiff

2.   Claim Two:   Retaliation/ 1st, 5th and 16th Amend. Violations

Supporting Facts: Plaintiff asserts the following facts that are offered in support of his contention that " But for the retaliatory motive ", Plaintiff's illegal conditions of confinement to "nut Row", and the consequent serious (medical) harm/injuries suffered, would not have occurred, and that, "

2. Throughout the entire time Plaintiff was confined to "nut Row" (01.14 – 04.21.2011 (97 days), numerous other general population prisoners were also housed there, albeit temporarily and some for as little as a few hours or days, and that,

3. One prisoner in particular, named VIDAL FABELA was moved from "nut Row" to another area of the SHU, within 24 hours of his arrival there, after loudly and angrily complaining to staff about the human excretment on the walls of the cell and the night-long yelling and banging by the nearby mentally ill/psychotic prisoners, and that,

4. A Correctional Supervisor named W. Barry would, when making daily (nightly) rounds of "nut Row", would taunt Plaintiff about his previous litigation in which he, W. Barry had been a Defendant. "Is this ("nut Row") more to your taste than the "cold cell"? " was a frequent query from this (again) named Defendant, and that,

5. Plaintiff now has several sworn declarations of other "nut Row" prisoners, in re conditions and the extraordinary length of time Plaintiff was confined to "nut Row" compared to other general Population prisoners who'd been housed there, and that,

6. These sworn declarations are currently on file with a Denver law firm (Arnold & Porter) and Plaintiff will provide them to the court now, upon request or, at a later date in the proceed-

Attachment "D. cause of action"
→

Cont-          Attachment "D. cause of Action, Claim 2.δ        Page 2 of 2 pages
ings, and that,

7.    Plaintiff again asserts that his Transfer from "Nut Row" to
a quiet, clean area of the SHU, on the very same day a
medical Doctor diagnosed Plaintiff as having suffered
a Stroke while housed on "NUT Row" (03.24.2011), is
indicative of the Defendants awareness of having over-
played the retaliation "card", so To speak, and their
exposure to a lawsuit/investigation for same.


Sworn To this 30th day of May, 2012, under penalty
of perjury pursuant to 28 USC §1746.

                              Peter P. mauclin, Plaintiff.

*Exhibit ①*
*Claim 2.*

## Other Orders/Judgments
1:07-cv-02593-CMA-MEH Mauchlin v. Bier et al
ALLMTN, MAGR

### U.S. District Court

### District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 11/13/2009 at 3:45 PM MST and filed on 11/13/2009
**Case Name:**          Mauchlin v. Bier et al
**Case Number:**        1:07-cv-2593
**Filer:**
**Document Number:** 207(No document attached)

**Docket Text:**
**MEMORANDUM regarding [203] MOTION to Amend/Correct/Modify filed by Peter P. Mauchlin, [206] MOTION to Amend/Correct/Modify [200] REPORT AND RECOMMENDATIONS re [172] MOTION for Summary Judgment filed by A Osage, Dalgleish, Bier, Ham, BarryREPORT AND RECOMMENDATIONS re [172] MOTION for Summary Judgment filed by A Osage, Dalgleish, Bier, Ham, Ba MOTION to Amend/Correct/Modify [200] REPORT AND RECOMMENDATIONS re [172] MOTION for Summary Judgment filed by A Osage, Dalgleish, Bier, Ham, BarryREPORT AND RECOMMENDATIONS re [172] MOTION for Summary Judgment filed by A Osage, Dalgleish, Bier, Ham, Ba filed by Peter P. Mauchlin. Motions referred to Magistrate Judge Michael E. Hegarty by Judge Christine M. Arguello on 11/13/09. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED (cmasec)**

**1:07-cv-2593 Notice has been electronically mailed to:**

Kevin Thomas Traskos Kevin.Traskos@usdoj.gov, USACO.ECFCivil@usdoj.gov, mary.leistikow@usdoj.gov

Marcy Elizabeth Cook marcy.cook@usdoj.gov, Debbie.Locke@usdoj.gov, Mary.Leistikow@usdoj.gov, usaco.ecfcivil@usdoj.gov

**1:07-cv-2593 Notice has been mailed by the filer to:**

Peter P. Mauchlin
#71743-158
ADX - Florence
PO Box 8500
Florence, CO 81226

*W. Barry, Corr. Supr.*

(Court's Copy)

## Exhibits List    Claim 1.0

Exhibits *

| | | |
|---|---|---|
| ① | Incident report of 01·14·2011 | 1 Page |
| ② | Administrative detention order, dated: 01·14·2011 | 1 Page |
| ③ | Tort claim; Claimant's Statement, dated: 04·19·2011 | 2 Pages |
| ④ | BP-8 and response, dated 02·07·2011/02·09·2011 | 1 page |
| ⑤ | BP-9 and response, dated: 02·25·2011/03·04·2011 | 2 pages |
| ⑥ | BP-10 and response, dated: 03·26·2011/04·13·2011 | 2 pages |
| ⑦ | BP-11 and response, dated: 05·05·2011/06·21·2011 | 2 pages |
| ⑧ | Medical record of blood pressure increase(s) in "SHU"/"NUT Row" | 1 Page |
| ⑨ | Dr. Wilson, M.D., Medical exam, diagnosis, dated: 04·21·2011 | 7 pages |
| ⑩ | Note to Dr. Wilson (above ⑨) in re: Nurse E. Riechert | 1 Page |
| ⑪ | Note to Nurse E. Riechert in re: "Stroke" Symptoms | 1 page |
| ⑫ | Declaration of Plaintiff Peter P. Mauchlin, dated: 11·21·2011 | 2 pages |
| ⑬ | BP-8 and response (in re: Conditions "NUT Row") dated: 03·02·2011 | 1 Page |

— End —

BP-S288.052

May 1994

**INCIDENT REPORT**

CDFRM   Exhibit (1)

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

| 1. Name of Institution: | **United States Penitentiary, Administrative Maximum, Florence, Colorado** |
|---|---|

**PART I – INCIDENT REPORT**

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Mauchlin, Peter | 71743-158 | 01/14/2011 | 12:15 P.M. |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| G- A cell G04-212 | GP (General Population) | G-A-Unit |

| 9. Incident: | Refusing to work, or accept a program assignment. Refusing to obey an order of any staff member. | 10. Code: 306, 307 |
|---|---|---|

| 11. Description of Incident | (Date:01/14/2011 | Time:12:15p.m. | Staff became aware of incident) |
|---|---|---|---|

At approximately 12:15 p.m. I Senior Officer S. Belter and Officer Molitor were about to conduct cell rotations on G04 range. I ordered all of the inmates to place their property in the inner grills and prepare for cell rotation. When I approached Inmate Mauchlin's 71743-158 cell G04-212, He was sitting on his bed with his property untouched and still sitting in his cell. I asked him what seems to be the problem? He then informed me that he was refusing to cell move. I ordered him to move his property in the sally port. He refused. I then ordered him to cuff up. He also refused. He then informed me that he wanted to go to the Special Housing Unit. I asked Inmate Mauchlin what was the reason? He then said," I have lots of reasons". I secured all of the cells on G04 range and then notified the Lieutenant.

| 12. Signature of Reporting Employee | 13. Name & Title (printed) |
|---|---|
| Date & Time 01/14/2011 12:25p.m. | S. Belter, Senior Officer |

| 14. Incident Report Delivered to above inmate by: | 15. Date Incident Report Delivered 1-14-11 | 16. Time Incident Report Delivered 2:40 pm |
|---|---|---|

**PART II – COMMITTEE ACTION**

17. Comments of inmate to Committee Regarding Above Incident

18. A. It is the finding of the Committee that you:

_____ Committed the following prohibited act:

_____ Did not commit a prohibited act.

B. _____ The Committee is referring the charge(s) to the DHO for further hearing

C. _____ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days.

19. Committee Decision is based on the following information: _____

20. Committee Action and/or recommendation if referred to DHO (contingent upon inmate committed prohibited act) :

21. Date and Time of Action _____

(The UDC Chairman's signature next to his name certifies

who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

BP-S308.052 **ADMINISTRATIVE DETENTION ORDER** CDFRM
MAY 94

*EXHIBIT* (2)

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

***ADX FLORENCE***
*Institution*

**Date/Time:** *January 14, 2010 (12:15 PM)*

***TO***        : *Special Housing Unit Officer*

**FROM**    : *A. J. Roe, Lieutenant*   (Name/Title)

**SUBJECT :** Placement of <u>Mauchlin, Peter (G-Unit)</u> Reg. No. <u>71748-158</u> in Administrative Detention

_____ (a )  Is pending a hearing for a violation of Bureau regulations;

 <u>XXX</u> (b)  Is pending investigation of a violation of Bureau regulations;

_____ (c)  Is pending investigation or trial for a criminal act;

_____ (d)  Is to be admitted to Administrative Detention

_____ (1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____ (2) Since a serious threat exists to individual's safety as perceived by staff, although this person has not  requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)  Is pending transfer or is in holdover status during transfer.

_____ (f)  Is pending classification; or

_____ (g)  Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general

population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

<u>Therefore, the above named inmate has been placed in Administrative Detention for a violation of Bureau regulations. Refusing programs  hampers the ability of staff to maintain control and accountability of inmates in their assigned area.  This type of behavior threatens the security of the institution.</u>

Therefore, the above named inmate is to be placed in Administrative Detention until further notice.

The inmate received a copy of this Order on (date / time) *January 14, 2011 (12:15 PM)*

**Staff Witness Signature/Printed Name** *J. D. Walters/*_____   Date: *January 14, 2011*

In the case of DHO action, reference to that order is sufficient.  In other cases, the officer will make an independent review and decision, which is documented here.
Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation
Supervisor - Administrative Detention Unit; Copy - Central File(This form may be replicated via WP)      Replaces BP-308(52) of JAN 88

Tort Claim / FTCA Exhaustion (admin.) .                    Exhibit ③
                — Claimants Statement w/Exhibits —

On 01·14·2011, Claimant Peter P. Macklin, a 66 yrs old cardiac /hypertension chronic care prisoner/patient, confined at the USP-ADX, Florence, and housed in G-unit, refused to be housed in a cell (G-B201) which was next to a large heavy grill gate that slams/bangs shut loudly, 30-40 times throughout the day and night. Consequently, Claimant was transferred to the Special housing Unit while an incident report was written. (Exhibits ④, ⑧) Claimant was then confined in an area of the special housing Unit ("SHU") known to general population prisoners as "NUT Row", used to house mostly mentally ill prisoners (lower and upper"i" ranges). "NUT Row" is also known to staff members as "the monkey house" because of the high level of noise (Exhibits ©, ⑩, ⑥), the pervasive odor of feces and urine, and the fact that the vast majority of the prisoners housed there are black/non-white"crazies"/"nuts". During the first three (3) weeks of Claimants confinement there, Claimants blood pressure rose "top and bottom"(diastolic and systolic pressure) over thirty (30) points (Exhibit ⑥) Despite Claimants taking powerful prescription hypertension medication, increased blood pressure translates to a significant increase in the risk to Claimants health in the form of, among other possibilities, heart attack and stroke. The medical Department here (bless their souls) attempted to counter the increase in blood pressure by increasing the dosage of medication (Exhibits ⑥, ⑭, ①, ⑤), while attempting to deal with a wide variety of secondary ailments arising in response to the stress of being confined to a very noisey and filthy area of the SHU.

Cont. —

Claimant submits and contends that all of these events / factors culminated in Claimants suffering a stroke on the morning of 03·24·2011, which left Claimants left foot numb and partially paralysed and, Claimants left eye with diminished mobility, synchronicity. Claimant made a verbal and then (later, 03·28·2011) written Complaint (Exhibit ③) to medical staff — without result, other than being advised that I would be "seen" (examined / treated?) eventually.

As of this date (04·19·2011), Claimant has neither been "seen" or ('if possible?) treated. Additionally, the (illegal) conditions of confinement that Claimant has been subjected to by deliberately indifferent / vindictive prison officials has increased the number of angina (chest pain) attacks and, the claimants consumption of nitroglycerine tablets to an all time high.

Juan Zavala, a fellow prisoner housed on "Nut Row" with this Claimant, is also a hypertension patient, recieving the very same medication and dosage of ATENOLOL that Claimant is taking. Juan Zavala confided to this Claimant that the noise and stress of "Nut Row" (2 months duration) were making "a nervous wreck" out him. I.E., nightmares, loss of sleep, etc Claimant submits and contends that his continued confinement on "Nut Row" is retaliatory in nature, inflicted by vindictive prison officials for claimants previous litigation against USP-ADX prison officials (Mauchlin V Bier, et al., 1:07-CV-02593-CMA-MEH (Denver, CO, U.S. Dist Court).

Dated; 04·19·2011

x <u>Peter P. mauchlin</u>
Claimant

Tort claim/FTCA Exhaustion (Adm.)                    Exhibit (3)

— Claimants Statement w/Exhibits —

On 01·14·2011, Claimant Peter P. Mauchlin, a 66 yrs old cardiac/hypertension chronic care prisoner/patient, confined at the USP-ADX, Florence, and housed in G-unit, refused to be housed in a cell (G-B201) which was next to a large, heavy grill gate that slams/bangs shut loudly, 30-40 times throughout the day and night. Consequently, Claimant was transfered to the Special Housing Unit while an incident report was written. (Exhibits Ⓐ, Ⓑ) Claimant was then confined in an area of the special Housing Unit ("SHU) known to general population prisoners as "NUT ROW", used to house mostly mentally ill prisoners (lower and upper A ranges). "NUT ROW" is also known to staff members as "The monkey house" because of the high level of noise (Exhibits Ⓒ, Ⓓ, Ⓔ), the pervasive odor of feces and urine, and the fact that the vast majority of the prisoners housed there are black/non-white "crazies"/"nuts". During the first three (3) weeks of Claimants confinement there, Claimants blood pressure rose "top and bottom" (diastolic and systolic pressure) over thirty (30) points (Exhibit Ⓕ) Despite Claimants taking powerful prescription hypertension medication, increased blood pressure translates to a significant increase in the risk to Claimants health in the form of, among other possibilities, heart attack and stroke. The medical Department here (bless their souls) attempted to counter the increase in blood pressure by increasing the dosage of medication (Exhibits Ⓖ, Ⓗ, Ⓘ, Ⓙ), while attempting to deal with a wide variety of secondary ailiments arising in response to the stress of being confined to a very noisey and filthy area of the SHU!

Cont. —

Claimant submits and contends that all of these events/factors culminated in Claimants suffering a stroke on the morning of 03·24·2011, which left Claimants left foot numb and partially paralysed and, Claimants left eye with diminished mobility, synchronicity. Claimant made a verbal and then (later, 03·28·2011) written Complaint (Exhibit ③) to medical staff — without result, other than being advised that I would be "seen" (examined / treated?) eventually.

as of this date (04·19·2011), Claimant has neither been "seen" or (if possible?) treated. Additionally, the (illegal) conditions of confinement that Claimant has been subjected to by deliberately indifferent / vindictive prison officials has increased the number of angina (chest pain) attacks and, the claimants consumption of nitroglycerine tablets to an all time high.

Juan Zavala, a fellow prisoner housed on "Nut Row" with this Claimant, is also a hypertension patient, recieving the very same medication and dosage of ATENOLOL that Claimant is taking. Juan Zavala confided to this Claimant that the noise and stress of "Nut Row" (2 months duration) were making "a nervous wreck" out him. I.E., nightmares, loss of sleep, etc. Claimant submits and contends that his continued confinement on "Nut Row" is retaliatory in nature, inflicted by vindictive prison officials for claimants previous litigation against USP-ADX prison officials (Mauchlin v Bier, et al., 1:07-CV-02593-CMA-MEH (Denver, CO, US. Dist Court).

Dated: 04·19·2011          x  Peter P. Mauchlin
                                    Claimant

FEDERAL CORRECTIONAL COMPLEX
FLORENCE, COLORADO
INFORMAL RESOLUTION FORM                Exhibit 4 - 7

Inmate Name: Mauchlin                Reg. No. 71743-158
Unit: 2                              Date: 02-07-2011

NOTICE TO INMATE: You are advised that normally prior to filing a Request for Administrative Remedy, BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor Please follow the three steps listed below:

1.  State your complaint: REQUESTOR IS A GENERAL POPULATION PRISONER CURRENTLY BEING HOUSED ON A-RANGE, SPECIAL HOUSING UNIT(SHU) WITH SERIOUSLY MENTALLY ILL/PSYCHOTIC PRISONERS WHO RANT AND SCREAM DAY AND NIGHT AT OTHER PRISONERS AND STAFF. THIS IS CRUEL AND UNUSUAL CONDITIONS OF CONFINEMENT, FOR GENERAL POPULATION PRISONERS.

    **(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.))**

2.  State what actions you have made to informally resolve your complaint: CONFERED WITH COUNSELOR AND VARIOUS PRISON OFFICIALS WHO MAKE WEEKLY ROUNDS IN THE SHU, WHICH INCLUDES THE CURRENT DIRECTOR OF THE PSYCHOLOGY/CONFINEMENT PROGRAM, DOCTOR ZHON, PSYCHOLOGIST

3.  State what resolution you expect: DISCONTINUE ILLEGAL CONFINEMENT/PUNISHMENT PROGRAM, HOUSE REQUESTOR IN QUARTERS APPROPRIATE TO NON-MENTALLY ILL PRISONER(S).... STAT.

Inmate's Signature: Peter P. Mauchlin          Date: 02-07-2011

Correctional Counselor's Comments (Steps to Resolve): A Review of your Complaint has been Conducted. You are Currently being housed appropriately with all of your safety, and security needs being Fully met. IN Addition issues About other inmates will not be discussed with you.

Counselor's Signature: _____     Date: 2-9-11
Unit Manager's Review: [ T Dusa ]           Date: 2-11-11
Informally Resolved: _____        Date: _____

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 2-7-11 | 2-9-11 | 2-15-11 | | |
| TIME | 8:00 | 7:25 | 7:10 | | |
| COUNSELOR | 8 | 8 | 8 | | |

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: MAUCHLIN, PETER P | 71743-158 | Z | FLM-ADX

**LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION**

**Part A– INMATE REQUEST**

REQUESTOR IS A GENERAL POPULATION PRISONER BEING HOUSED ON "A" RANGE, SPECIAL HOUSING UNIT (SHU) WITH SERIOUSLY MENTALLY ILL/ PSYCHOTIC PRISONERS WHO RANT AND SCREAM DAY AND NIGHT AT OTHER PRISONERS AND STAFF. THIS IS CRUEL AND UNUSUAL CONDITIONS OF CONFINEMENT FOR ALL CONCERNED. HAVE CONFERED WITH ALL UPPER LEVEL MANAGEMENT PRISON OFFICIALS WHO MAKE WEEKLY ROUNDS, TO NO AVAIL. PLEASE REMEDY/DISCONTINUE THIS ILLEGAL CONFINEMENT/PUN- -ISHMENT PROGRAM. THANK YOU.

02·21·2011

Peter P. Mauchlin

**DATE** | **SIGNATURE OF REQUESTER**

**Part B– RESPONSE**

**RECEIVED**

FEB 2 4 2011

ADX AW Office

---

_____ | WARDEN OR REGIONAL DIRECTOR
**DATE**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE** | CASE NUMBER: 627813-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
**LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION**

SUBJECT: _____

_____ | _____
**DATE** | **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

BP–229(13)
APRIL 1982

USP LVN

PRINTED ON RECYCLED PAPER

Exhibits (5)

**BP-229 RESPONSE**                    **Case Number: 627813-F1**

Your Request for Administrative Remedy dated February 21, 2011, and received in this office February 24, 2011, has been reviewed.   Specifically, you state you are being housed around inmates that suffer from severe mental disorders, and that it is cruel and unusual punishment to continue to house you in this manner.

A review of the issues raised in your Request for Administrative Remedy has been conducted.   The results of the review revealed that your current housing conditions have been deemed appropriate in accordance with P.S. 5270.08 (Inmate Discipline and Special Housing Units).   The decision to return you to a general population unit will be made upon the completion of your disciplinary segregation time.

Accordingly, your Request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.


_____          _____
Blake R. Davis, Warden                    Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

issued 3-21-11

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: MAUCHLIN Peter P     71743-158     Z-SHU     FLM-ADX

      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** BP-229 "Response"(enclosed) is unresponsive to requesters complaint and request for corrective action to remedy blatant and long standing violations of both Program Statement 5270.08 (THE WARDEN SHALL provide decent and Humane Living Conditions) and Constitutional Law which prohibits cruel and unusual punishments/conditions of Confinement AND RETALIATION Against requester for previous litigation challengeing "Cold celling" of Prisoners at the ADX USP, I.E. retaliation by both the Defendants in that previous lawsuit AND (Now) their co-workers Also, in the persons of both the psychologist Dr. Zhan and the upper level management prison officials who make daily and weekly rounds/inspections in the Special housing Unit, and could not credibly claim to be ignorant of the situation/conditions.

03-16-2011

DATE

Peter P. Mauchlin

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

MAR 21 2011

BY:----------------

_____            _____

DATE                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE           CASE NUMBER: 627813-R1

**Part C - RECEIPT**

                                               CASE NUMBER: _____

Return to: _____

          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____            _____

DATE                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

JUNE 2002

USP LVN        PRINTED ON RECYCLED PAPER

Exhibits (6)

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number:** 627813-R1

---

This is in response to your Regional Administrative Remedy Appeal received on March 21, 2011, in which you allege being placed in a cell on a range that also houses "seriously mentally ill psychotic inmates who rant and scream day and night at other prisoners and staff" and that you are being subjected to cruel and unusual conditions.   For relief, you request a more suitable housing location.

We have reviewed your appeal and we concur with the Warden's response.   Your current housing is deemed appropriate.   Once your disciplinary segregation time is completed, you will be considered for general population placement.

Based on these findings, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_4/13/11_
Date

Michael K. Nalley, Regional Director

EXHIBITS 5 (7)

U.S. Department of Justice

Federal Bureau of Prisons

issued
4-27-11

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: MAUCHLIN, PETER P        71743-158        D        FLM—ADX
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** BOTH WARDEN AND HIS STAFF AT FLM-ADX REFUSED/ FAILED TO CORRECT SPECIAL HOUSING UNIT (SHU - LOWER 'A' RANGE) CONDITIONS TO WHICH REQUESTER HAD BEEN SUBJECTED TO FOR A PERIOD OF 97 DAYS. SAID CONDITIONS; BEING HOUSED WITH SERIOUSLY MENTALLY ILL/PSYCHOTIC PRISONERS CAUSED REQUESTER SERIOUS PHSICAL AND PSYCHOLOGICAL INJURIES, NOW DOCUMENTED IN REQUESTER'S MEDICAL RECORDS. NIETHER THE WARDEN OR REGIONAL DIRECTOR DENIED, IN THEIR RESPONSE(S) THE ALLEGATIONS OF REQUESTER CONCERNING THE ILLEGALITY OF SAID CONDITIONS, BUT RATHER THAT SUCH CONDITIONS WERE APPROPRIATE (TO REQUESTER AND, PRESUMABLY, THE SERIOUSLY MENTALLY ILL PRISONERS). Peter P. Mauchlin

05-05-2011
DATE                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAY 16 2011

Administrative Remedy Section
Federal Bureau of Prisons

EXHAUSTION
(P-81)

_____        _____
DATE                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

**Part C - RECEIPT**                CASE NUMBER: 627813-A1

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

— EXHIBITS ⑦

Administrative Remedy No. 627813-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal in which you object to being placed in a cell on a range
that houses seriously mentally ill inmates who rant and scream
day and night.  You request a more suitable housing location.

Our review reveals the Warden and Regional Director adequately
responded to the issue you raised in your appeal.  As indicated
by the Regional Director, your current housing assignment is
appropriate.  Records indicate you are no longer in
Administrative Detention status.  Furthermore, you are not
entitled to a specific cell assignment.

We concur that your housing assignment is appropriate.  Your
appeal is denied.

June 21, 2011
_____          _____
        Date                     Harrell Watts, Administrator
                                 National Inmate Appeals

Report to BP-11
Constitutes Exhaustion
(PLRA)

— EXHIBIT —

Exhibit (8)

## Bureau of Prisons
## Health Services
## Blood Pressure

| Begin Date: 01/01/2011 | | End Date: | 04/05/2011 |
|---|---|---|---|
| Reg #: | 71743-158 | Inmate Name: MAUCHLIN, PETER PHILLIP | |

| Date | Time | Value | Location | Position | Cuff Size | Comments |
|---|---|---|---|---|---|---|
| 03/27/2011 | 12:00 FLX | 151/78 | Left Arm | Standing | Wrist | hr=63 |
| 03/04/2011 | 09:00 FLX | 141/73 | Left Arm | Standing | Wrist | hr=67 |
| 03/01/2011 | 12:11 FLX | 154/85 | Left Arm | Sitting | Adult-regular | |
| 02/11/2011 | 07:22 FLX | 151/101 | Left Arm | Standing | Wrist | |
| 01/10/2011 | 14:59 FLX | 117/69 | Left Arm | Standing | Wrist | |

Total: 5

4 days prior to confinement to SHU/"nut Row"

one (1) month after/during confinement to "nut Row"

APR 05 2011

**Bureau of Prisons**
**Health Services**
**Clinical Encounter**

*Exhibit (9)*
*7pages*

| | | |
|---|---|---|
| Inmate Name:  MAUCHLIN, PETER PHILLIP | | Reg #:  71743-158 |
| Date of Birth:  01/02/1945 | Sex:     M    Race:  WHITE | Facility:  FLM |
| Encounter Date:  04/21/2011 11:24 | Provider:  Wilson, CA DO | Unit:     Z01 |

Chronic Care encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT 1**          **Provider:** Wilson, CA DO

**Chief Complaint:** HYPERTENSION

**Subjective:**  CCC: 66 y/o male seen for HTN, relates that he ahs had left eye loss of upward gaze, left foot numbness, onset 03/24/2011. Woke up that AM like that. relates that he had a stent in his heart.

**Pain Location:**

**Pain Scale:**

**Pain Qualities:**

**History of Trauma:**

**Onset:**

**Duration:**

**Exacerbating Factors:**

**Relieving Factors:**

**Comments:**

**Seen for clinic(s):** Endocrine/Lipid, Hypertension

Inmate Copy Posted On
APR 29 2011

**ROS:**

**General**

**Constitutional Symptoms**

Yes: Fatigue

**Integumentary**

**Skin**

No: Rashes

**HEENT**

**Ears**

No: Tinnitus, Vertigo

**Eyes**

Yes: Changes in Vision

**Head**

No: Headaches

noise sensitivity, loss of upward gaze left eye, unable to close left upper eye lid,left facial droop observed unnoticed by inmate; doesn't recal headache at time of first occurence

**Cardiovascular**

**General**

Yes: Angina, Hx Hypertension, Hx of Heart Disease

**Pulmonary**

**Respiratory System**

Yes: DOE

No: Cough – Dry

**GI**

| Inmate Name: | MAUCHLIN, PETER PHILLIP | | | Reg #: | 71743-158 |
|---|---|---|---|---|---|
| Date of Birth: | 01/02/1945 | Sex: | M    Race: WHITE | Facility: | FLM |
| Encounter Date: | 04/21/2011 11:24 | Provider: | Wilson, CA DO | Unit: | Z01 |

ROS:

**General**

No: Abdominal Pain or Colic, Constipation, Diarrhea, Nausea, Vomiting

**Musculoskeletal**

no specific c/o today except wekness on the left side as described in CC.

**Neurological**

**Autonomic System**

Yes: Facial Numbness

**Cranial Nerves**

Yes: Facial Weakness & Taste Disturbance, Visual Disturbances

**Motor System**

Yes: Weakness

**Sensory System**

Yes: Numbness

left sided facial numbness unable to define if new since CC or from prior facial trauma; left 3-5 toes with numbness

**Endocrine**

**General**

No: Hx of Diabetes, Hx of Thyroid Dx

**OBJECTIVE:**

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 04/21/2011 | 11:23 FLX | 96.8 | 36.0 | Oral | Wilson, CA DO |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 04/21/2011 | 11:23 FLX | 52 | Via Machine | Regular | Wilson, CA DO |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 04/21/2011 | 11:23 FLX | 14 | Wilson, CA DO |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 04/21/2011 | 11:23 FLX | 137/75 | Left Arm | Sitting | | Wilson, CA DO |

**Height:**

| Date | Time | Inches | Cm | Provider |
|---|---|---|---|---|
| 04/21/2011 | 11:23 FLX | 72.0 | 182.9 | Wilson, CA DO |

**Weight:**

| Date | Time | Lbs | Kg | Waist Circum. | Provider |
|---|---|---|---|---|---|
| 04/21/2011 | 11:23 FLX | 173.0 | 78.5 | | Wilson, CA DO |

**Exam:**

**General**

| | |
|---|---|
| Inmate Name: MAUCHLIN, PETER PHILLIP | Reg #: 71743-158 |
| Date of Birth: 01/02/1945 | Facility: FLM |
| Encounter Date: 04/21/2011 11:24 | Unit: Z01 |

Sex:   M   Race:  WHITE
Provider:  Wilson, CA DO

**Exam:**

looks older than stated age

**Skin**
   **General**
      Yes: Dry, Warmth

**Head**
   **General**
      Yes: Facial Asymmetry

left upper lid droop, inability to close lid completely; left sided decrease of nasolabial fold compared to the right.left lower mouth droop; decreased sensation in face to soft touch

**Eyes**
   **General**
      Yes: PERRLA

   **Fundus Exam**
      Yes: Grossly Normal Retina

loss of upward and outer/ upward gaze left eye

**Ears**
   **Tympanic Membrane**
      Yes: Normal

   **Canal**
      Yes: Normal, Patent

APR 2 2011

**Nose**
   **General**
      Yes: Nares Patent, Turbinates Normal, Septum Intact

**Face**
   **General**
      Yes: Numbness, Paresis

see head description

**Lips**
   **General**
      No: Growth/Mass, Ulceration

**Mouth**
   **Tongue**
      Yes: Smooth
      No: Erythema, Growth/Mass(es), Edema

**Neck**
   **General**
      Yes: Supple, Symmetric, Trachea Midline
      No: Lymphadenopathy

   **Vascular**
      Yes: Carotid Pulse Normal
      No: Carotid Bruits

**Pulmonary**
   **Observation/Inspection**
      Yes: Normal

   **Auscultation**
      Yes: Clear to Auscultation Bilaterally

**Cardiovascular**

| Inmate Name: | MAUCHLIN, PETER PHILLIP | | | Reg #: | 71743-158 |
|---|---|---|---|---|---|
| Date of Birth: | 01/02/1945 | Sex: | M   Race: WHITE | Facility: | FLM |
| Encounter Date: | 04/21/2011 11:24 | Provider: | Wilson, CA DO | Unit: | Z01 |

## Exam:

**Observation**
    Yes: Normal Rate, Regular Rhythm

**Auscultation**
    Yes: Regular Rate and Rhythm (RRR), Normal S1 and S2
    No: M/R/G

### Peripheral Vascular

**General**
    No: Varicosities, Pitting Edema, Tenderness

### Abdomen

**Inspection**
    Yes: Flat

**Auscultation**
    Yes: Normo-Active Bowel Sounds

**Palpation**
    Yes: Soft, Non-tender on Palpation

### Neurologic

**Cranial Nerves (CN)**
    Yes: CN2-3 PERRLA, CN8 Hearing Intact, CN9-10 Swallowing Intact, CN9-10 Rise of Palate Normal, CN9-10 Gag Reflex Present, CN11 Shoulder and Neck Movement Normal, CN12 Tongue Position and Movement Normal
    No: CN3/4/6 Extraocular Movements Intact, CN5 Facial Sensation Intact, CN 7 Facial Movement Normal

    left sided weakness grips, proximal and distal lower extremity weakness compared to the right; babinski downgoing; no ataxia with walk

### Mental Health

**Affect**
    Yes: Appropriate

    discussion with Mr. Zahn from Psych and he relates that he has noticed behvioal chnges for the past 2-3 months,he questions if related ???

## ASSESSMENT:

| Description | ICD9 | Status | Status Date | Progress | Type |
|---|---|---|---|---|---|
| Benign essential hypertension | 401.1 | Current | 02/27/2009 | At Treatment Goal | Chronic |
| Hyperlipidemia, mixed | 272.2 | Resolved | 02/27/2009 | Not Improved/Same | History/Resolved |

    **Health Problem Comments:**

    unknown

    has refused several ccc apts, normal labs on 4-5-2010, not on meds for this dx

| CVA, cerebral artery occlusion, unspecified | 434.9 | Current | 04/21/2011 | Initial | Chronic |
|---|---|---|---|---|---|

    **Health Problem Comments:**
    new onset 03/23/2011

| Coronary atherosclerosis of unspec type of vessel | 414.00 | Current | 04/21/2011 | Initial | Chronic |
|---|---|---|---|---|---|

    **Health Problem Comments:**
    increasing use of NTG

Inmate Name:   MAUCHLIN, PETER PHILLIP

| | | | Reg #:   71743-158 |
|---|---|---|---|
| Date of Birth:   01/02/1945 | | | Facility:   FLM |
| Encounter Date:   04/21/2011 11:24 | Sex:   M   Race:   WHITE | | Unit:   Z01 |
| | Provider:   Wilson, CA DO | | |

## PLAN:

### New Medication Orders:

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | Aspirin, E.C. Tablet | 04/21/2011 11:24 | 325 mg one  Orally  daily x 180 day(s) |

Indication: CVA, cerebral artery occlusion, unspecified, Coronary atherosclerosis of unspec type of vessel, Benign essential hypertension

### Renew Medication Orders:

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| 86242-FLX | Atenolol 50 MG TAB | 04/21/2011 11:24 | Take one tablet by mouth each day x 180 day(s) |

Indication:  Benign essential hypertension

| | | | |
|---|---|---|---|
| 77536-FLX | Nitroglycerin SL 0.4 MG Tab | 04/21/2011 11:24 | Place 1 tablet under the tongue for chest pain-may repeat every 5 min x 2 if needed. If no relief, contact medical staff x 180 day(s) |

Indication:  Atherosclerosis, generalized and unspecified

### Discontinued Medication Orders:

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| 86243-FLX | Aspirin 81 MG EC Tab | 04/21/2011 11:24 | Take one tablet by mouth each day |

Discontinue Type:   When Pharmacy Processes
Discontinue Reason: new order written
Indication:

### New Laboratory Requests:

| Details | Frequency | End Date | Due Date | Priority |
|---|---|---|---|---|
| Blood tests-o-p-Prostate Specific Antigen (PSA) | One Time | | 04/21/2011 00:00 | Routine |
| _Chronic Care Clinics-Cardiac-Complete Blood Count (CBC) | | | | |
| _Chronic Care Clinics-Cardiac-Comprehensive Metabolic Profile (CMP) | | | | |
| _Chronic Care Clinics-Cardiac-Lipid Profile | | | | |
| _Chronic Care Clinics-Cardiac-Thyroid Stimulating Hormone (TSH) | | | | |

Additional Information:

please perform as soon as you can

### New Consultation Requests:

| Consultation/Procedure | Due Date | Priority | Translator | Language |
|---|---|---|---|---|

| | | |
|---|---|---|
| Inmate Name:   MAUCHLIN, PETER PHILLIP | | Reg #:   71743-158 |
| Date of Birth:   01/02/1945 | Sex:   M   Race:   WHITE | Facility:   FLM |
| Encounter Date:   04/21/2011 11:24 | Provider:   Wilson, CA DO | Unit:   Z01 |

Cardiology                                                                 No

    **Reason for Request:**

        needs to see cardiology for increasing Angina as well as an echo bubble study to r/o cause for presumed recent CCVA

    **Provisional Diagnosis:**

        Angina pectoris with hx CAD and stent; subacute cva 03/23/2011

Radiology                                                                 No

    **Reason for Request:**

        C T scan of head without contrast Urgent

    **Provisional Diagnosis:**

        recent remote CVA03/23/2011

    **Additional Records Required for Consultation:**

        Complete Record

Radiology                                                                 No

    **Reason for Request:**

        carotid dopplers for evaluation of etiology of recent remote CVA 03/23/11

    **Provisional Diagnosis:**

        CVA  ? etiology

    **Additional Records Required for Consultation:**

        Complete Record

**Schedule:**

| Activity | Date Scheduled | Scheduled Provider |
|---|---|---|
| EKG | 04/21/2011 00:00 | EMT/P 06 |
|     accelerating Angina | | |
| Chronic Care Visit | 10/21/2011 00:00 | Physician 01 |
|     HTN,CVA | | |

**Disposition:**

    Follow-up at Sick Call as Needed

    Follow-up in 1 Month

    Follow-up in 6 Months

**Other:**

    f/u pending consultation and testing

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 04/21/2011 | Counseling | Diagnosis | Wilson, CA | Verbalizes Understanding |

| | | | |
|---|---|---|---|
| Inmate Name:  MAUCHLIN, PETER PHILLIP | | | Reg #:  71743-158 |
| Date of Birth:  01/02/1945 | Sex:  M   Race:  WHITE | | Facility:  FLM |
| Encounter Date:  04/21/2011 11:24 | Provider:  Wilson, CA DO | | Unit:  Z01 |

**Copay Required:** No          **Cosign Required:** No
**Telephone/Verbal Order:** No


Completed by Wilson, CA DO on 04/21/2011 13:07

Inmate Copy Issued On

APR 2   2011

Exhibit (10)

04.21.2011

Dear Dr. Wilson;

Enclosed please find a copy of my correspondance with Ms. Reichert, in regards my left foot/eye that we discussed earlier today during your examination of me. Thank you for that rarity; a moderately pleasant physical exam!

Sincerely,

Peter P. mauchlin, 71743-158

Z-A-104

-EXHIBIT-

Exhibit (11)

63·28·2011

Dear E. Raechert:

I stopped and spoke with you on your "sick call" rounds last week (03·24·2011) and complained about my left foot being numb and my left eye being increasingly more out of sync with my right eye. Thus far, have heard nothing back on that subject.

On a brighter note, I "reinvented" a very effective ear plug which reduces the "environmental noise"* to a barely audible level and, can already see a significant im-provement in my blood pressure reading (taken today, 03·28·2011). If I did not mention it, the ear drops and allergy medication you sent worked great — Thank you!

Sincerely,

Peter P. mauchlin, 71743-158

Z-A-104

* screaming and yelling

Exhibit (12)

## DECLARATION OF PETER MAUCHLIN

Peter Mauchlin, under penalty of perjury, states upon his own personal knowledge as follows:

1.      I am currently incarcerated at United States Penitentiary Administrative Maximum ("ADX"). My registration number is 71743-158. I have been at ADX since 1996.

2.      I have tried to become eligible for the ADX step down program. I have participated in ADX programs and have attempted to be free from disciplinary problems.

3.      I have been admitted to the step-down program twice, most recently in 2005. Both times I was removed from the program.

4.      Older people who keep to themselves, like me, are often perceived as weak and targeted by other inmates. In the step down program, ADX allows inmates to have more freedom to interact with one another, but this also means that they have more freedom to antagonize one another. Both times I was in the step down program, I had to defend myself from aggressive inmates who tried to target me, and both times I was removed from the program for fighting. Still, I would like to be admitted to the step down program again.

5.      Since 2005, I have not been able to become eligible for the step down program because ADX staff have consistently placed me in situations where I will get incident reports. Having incident reports prevents you from being eligible for the step down program.

6.      I have suffered from noise sensitivity for some time. In spite of this, ADX staff housed me in one of the loudest parts of the Special Housing Unit ("SHU"). ADX medical staff observed that my blood pressure rose dramatically in the SHU, but they did not move me to a different cell location. As a result, I suffered a stroke.

7.      After my stroke, ADX medical staff finally diagnosed me as being noise sensitive. A copy of my medical records reflecting my noise sensitivity is attached as Exhibit A.

8.     In spite of my noise sensitivity and the lingering effects of my stroke, ADX staff have insisted on trying to house me in the first cell in a tier. These cells are next to the large steel gates that control access to each tier in ADX. The gates open and close many times per day. Every time a gate opens and closes, it makes an extremely loud sound and shakes the floor and wall. Normal daily functions, like sleeping and reading, are impossible in these cells. I particularly suffer in these cells because of my noise sensitivity.

9.     I also believe that ADX punishes inmates by placing them in these cells.

10.     Each time I refuse to be housed in one of these cells due to my health condition, I receive an incident report.

11.     On at least four separate occasions, I have been told by ADX staff that I will be permitted to leave the SHU, provided that I move to one of these extremely loud cells, next to the steel gate. On each occasion, I refused to relocate to that cell because of my health condition. Each time, my stay in the SHU was extended and I received an incident report.

12.     These incident reports have prevented me from becoming eligible to participate in the step down program.

13.     As a result, in spite of my efforts at fulfilling program requirements and my efforts at establishing good behavior, I have been prevented from achieving a record that will make me eligible for the step down program.

I declare under penalty of perjury that the foregoing is true and correct.

_Peter Mauchlin_
Peter Mauchlin

Executed on  11·21·2011  (date)

Ell #Mauchlin

FEDERAL CORRECTIONAL COMPLEX.
FLORENCE, COLORADO
INFORMAL RESOLUTION FORM

Exhibit (13)



Inmate Name: **Mauchlin**          Reg. No. 71743-158
Unit: G                             Date: 03.02.2011

**NOTICE TO INMATE:** You are advised that normally prior to filing a Request for Administrative Remedy, BP-229(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the three steps listed below:

1.  State your complaint: LAW Library Computer Keyboard and Mouse ON LOWER "A" RANGE SHU, BROKEN INOPERABLE FOR OVER TWO (2) WEEKS, AFTER being "USED" by psychotic prisoner for a chair, Ladder and Bathroom.

    **(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.))**

2.  State what actions you have made to informally resolve your complaint: Complained repeatedly to both the law library supervisor R. MACK SHU Unit (Corr. Officers and Corr. Counselor D. FOSTER with out repair, replacement or result.

3.  State what resolution you expect: Repair/Replace Broken Computer equipment, Stock with printed instruction manual and print shop forms, Clean Spit, piss off walls, floor.

Inmate's Signature: P. mauchlin          Date: 03.02.2011

Correctional Counselor's Comments (Steps to Resolve): A Review of your Complaint has been Conducted Your Concern has been Forwarded to the Appropriate insitution staff and work is being done to Correct Any Problem with the Range ELL.

Counselor's Signature: _____          Date: 3-7-11
Unit Manager's Review: _____          Date: 3-7-11
Informally Resolved: _____            Date: _____

|  | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | REMEDY CLERK |
|---|---|---|---|---|---|
| DATE | 3-2-11 | 3-3-11 | 3-7-11 | 3-9-11 | |
| TIME | 7:00 | 7:05 | 10:47 | 7:15 | |
| COUNSELOR | 8 | 8 | 8 | 8 | |

FCC 1330.16B          Administrative Remedy Program          Attachment 1

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✔ Yes ___ No  (CHECK ONE).  If your answer is "Yes," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

① Warden Hood,   ② Bier, et al.,

2. Docket number and court name:

↑ unknown   ↑ Denver, CO. Dist Ct.   1:07-CV-02593 CMA-MEH

3. Claims raised in prior lawsuit:

Constitutional Violations

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

① "Hood" Dismissed
② "Bier, et al., Summary Judg. granted

5. If the prior lawsuit was dismissed, when was it dismissed and why?

① "Hood", 2005     ② "Bier, et al., 2010
① Dismissed as frivolous ② Summary Judg.

6. Result(s) of any appeal in the prior lawsuit:

"Hood" affirmed, "Bier, et al., affirmed
See Attachment "E"

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

✔ Yes ` ___ No  (CHECK ONE).

2. Did you exhaust available administrative remedies? ✔ Yes ___ No (CHECK ONE).

Please See attached copies of requests for, and denials of Administrative remedies (BP-8, BP-9, BP-10, BP-11) and respective responses/ ADMISSIONS in support of Plaintiff's Complaint/Claims/ allegations

(Rev. 1/30/07)                    7

ATTACHMENT :   E. PREVIOUS LAWSUITS   ( 1 of 1 page )

↙ name unknown

1.   ③ warden, Springfield Med. Ctr (Missouri),
     Docket# Unknown     Co-Plaintiff; J. Mc Bride

2.      Springfield, MO., US Dist. Ct

3.      Inadequate Law library

4.      Settled with Transfer, 1985

5.      N/A
6.      N/A


1.   ④ warden, name Unknown, Docket# Unknown
2.     US District Court, Benton, ILL.
3.     Indefinite Sanctions, Violation I Policy,
       Inadequate Medical Care(?)
4.   Settled 01981 (?) (not sure).
5.      N/A
6.      N/A


                – END –

## G. REQUEST FOR RELIEF

State the relief you are requesting.  If you need more space to complete this section, use extra paper.  The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

1.) Jury trial to establish Defendants liability for Constitutional tort,

2.) Award of damages (Compensatory and punitive),

3.) Appointment of Counsel, in light of the Complexity of issues, number of Defendants, Service of Sub-poenas, Deposition(s) and Discovery, Potential as a 'class action'

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   05 - 30 - 2012
_____
(Date)

Peter P. Maughlin
_____
(Prisoner's Original Signature)