IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01449-BNB

PETER P. MAUCHLIN,

      Plaintiff,

v.

WARDEN B.R. DAVIS,
DR. ZHAN, Psychologist,
ASSOC. WARDEN MUNSEN (Programs),
ASSOC. WARDEN MILUSNIC (Operations),
UNIT MANAGER P. RANGEL,
CASE MANAGER T. SUDLOW,
CORRECTIONAL COUNSELOR D. FOSTER,
CHIEF CORR. SUPV. KRIST, et al.,
CHIEF CORR. SUPV. LOYD ("Complex Captain"),
CORR. SUPV. G. JENSEN (Day Watch "SHU" Supv.), and
CORR. SUPV. W. BARRY (Evening Watch "SHU" Supv.),

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Peter P. Mauchlin, is a prisoner in the custody of the Federal Bureau of

Prisons who currently is incarcerated at the United States Penitentiary Administrative

Maximum in Florence, Colorado.  Mr. Mauchlin filed *pro se* a prisoner complaint

pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed.*

*Bureau of Narcotics*, 403 U.S. 388 (1971).  He asks for money damages.  He has been

granted leave to proceed pursuant to 28 U.S.C. § 1915.

      The Court must construe Mr. Mauchlin's filings liberally because he is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Mauchlin will be directed to file an amended complaint.

In the complaint, Mr. Mauchlin asserts two claims. First, he asserts that he was

placed in the Special Housing Unit (SHU) at ADX from January 14, 2011, until April 21,

2011. He asserts that the conditions of confinement in the SHU are unconstitutional

and impose "atypical and significant hardship" in relation to the ordinary incidents of

prison life. Complaint at 6. However, Mr. Mauchlin's allegations in his first claim are

vague and conclusory. He alleges that the SHU was "noisy and smelly," but he does

not identify any allegedly unconstitutional conditions of confinement. Instead, he directs

the Court to numerous attachments included with the Complaint. As his second claim,

Mr. Mauchlin asserts that he was placed in the SHU in retaliation for a court case he

had previously filed. *Id.* at 8.

Mr. Mauchlin's complaint fails to comply with the pleading requirements of Rule 8

of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give

the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

2

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides

that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a)

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In

order for Mr. Mauchlin to state a claim in federal court, his "complaint must explain what

each defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir.

2007).

    Mr. Mauchlin fails to set forth a short and plain statement of his claims showing

that he is entitled to relief.  The forty-page complaint, including attachments, is vague

and conclusory.  Reviewing documents attached to the complaint to determine the

claims and specific facts Mr. Mauchlin intends to raise in this action is not a judicial

function.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is

permissible, if the complaint concisely states facts upon which relief can be granted

upon any legally sustainable basis."  *Id.*

    Mr. Mauchlin will be directed to file an amended complaint that complies with the

pleading requirements of Rule 8.  Mr. Mauchlin must present his claims in a

manageable format that allows the Court and the defendants to know what claims are

being asserted and to be able to respond to those claims.  The amended complaint

must provide "a generalized statement of the facts from which the defendant may form a

responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

In the amended complaint he will be directed to file, Mr. Mauchlin must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Mauchlin must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Mauchlin may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Mauchlin uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Mauchlin, therefore, will be directed to file an amended complaint on the Court-approved complaint form that asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

4

ORDERED that Plaintiff, Peter P. Mauchlin, file within thirty days from the date of this order an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Mauchlin shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Mauchlin fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED June 18, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge