Court copy (original)
11 pages

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01449-BNB
(To be supplied by the court)

Peter P. Mauchlin, Plaintiff,

v.

Warden B.R. Davis,
Dr. P. Zhan, Psychologist,
Associate Warden Munsen,
Associate Warden Milusnic,
Chief Correctional Supervisor Krist,
Chief Correctional Supervisor Lloyd,
Unit Manager P. Rangel,
Correctional Supervisor Jensen, Defendant(s).

(List each named defendant on a separate line.)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 12 2012

GREGORY C. LANGHAM
CLERK

**PRISONER COMPLAINT**

(AMENDED COMPLAINT)

(Rev. 1/30/07)

## A. PARTIES

1. Peter P. Mauchlin, #71743-158   USP-ADX
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   PO Box 8500, Florence, CO. 81226-8500

2. B.R. Davis, Warden, USP-ADX   FCC
   (Name, title, and address of first defendant)
   Florence, CO. 81226.

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  ✓ No  (CHECK ONE). Briefly explain your answer:
   All Named DEFENDANTS are Federal Employee's Acting Under Color of Federal Law/Statute

3. Zhan, P. Psychologist (Doctorate/PHD) USP-ADX
   (Name, title, and address of second defendant)
   Florence, CO. 81226

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  ✓ No  (CHECK ONE). Briefly explain your answer:
   See 2. (above)

4. Munsen, Associate Warden   USP-ADX
   (Name, title, and address of third defendant)
   Florence, CO. 81226

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  ✓ No  (CHECK ONE). Briefly explain your answer:
   See 2. (above)

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)    2    (Amended Complaint)

Attachment: "A, Parties"  2 of 2 pages

5. Associate Warden M. Lusnic   USP-ADX
      Florence, CO. 81226.
   See 2. (above)

6. Chief Correctional Supervisor Krist   USP-ADX
      Florence, CO. 81226
   See 2. (above)

7. Chief Correctional Supervisor Lloyd   USP-ADX-FCC
      Florence, CO. 81226
   See 2. (above)

8. Unit Manager P. Rangel   USP-ADX
      Florence, CO. 81226
   See 2. (above)

9. Correctional Supervisor Jensen   USP-ADX
      Florence, CO. 81226
   See 2. (above)

(Amended Complaint)

(2)

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    ___ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ✓ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    5th, 8th and 16th amendments, US Const., 18 USC § 4042(a),(2),(3), 28 CFR 541.31

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Federal Prison Officials of USP-ADX, Florence, CO. 81226)/Defendants, Actively, Knowingingly promoted and maintained Living/housing Conditions in the Special housing Unit, USP-ADX, that Plaintiff asserts and alleges were inhumane, unconstitutional and posed a serious health (physical and psychological) hazard to Plaintiff, other prisoners and non-Supervisory Staff, and that, Defendants displayed deliberate indifference to Plaintiffs numerous and frequent verbal and written Complaints, which subsequently caused Serious physical and psychological injuries to Plaintiff. The above mentioned housing Conditions, Complaints, failure/refusal to remedy, and Injuries occurred; 01-14 — 04-21-2011.

(Rev. 1/30/07)    3

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: **Deliberate Indifference/Conditions of Confinement**

   Supporting Facts: Plaintiff Peter P. Mauchlin is and was a Federal Prisoner confined to the Federal prison USP-ADX, Florence, CO., at all Times mentioned herein and was housed in the Special housing Unit ("SHU"), Lower A Range (AKA: "NUT Row" or "The monkey house) during the time period 01-14 — 04-21-2011 (97 days) and Throughout This entire time, daily and late into the night, Plaintiff was subjected to a high decibel volume of noise consisting of yelling (conversationally), screaming (in anger, fear) by Seriously mentally ill/psychotic prisoners housed nearby — Supplemented frequently with banging on the walls, toilets, shower stalls and gates, which caused Plaintiff's blood pressure to increase to hypertension levels, accompanied with frequent episodes of insomnia and exhaustion with a host of ailments which culminated in Plaintiff Suffering a debilitating Stroke (CVA) on 03-24-2011.

   Plaintiff further asserts that the stench of feces and urine was prevalent throughout "NuT Row", on a continuous basis and implied the prescence of AIRBORNE particles of fecal matter, contaminated with whatever disease/infection causing Pathogens/germs the producer of the feces may have been afflicted with. Plaintiff asserts that as a result of the unsanitary conditions both of the air and cells themselves, he contracted infections of both ears and eyes, diagnosed and treated by medical Staff on 03-16-2011, not Surprisingly, one of the medical Staff actually made daily rounds on "NUT Row" while wearing a Surgical mask and gloves. Plaintiff further asserts and alleges that the above described housing Conditions on "NuT Row" (which encompassed both (2) upper and lower A ranges, was Knowingly, intentionally promoted by the deliberate indifference of upper Level Supervisory/management prison

(Rev. 1/30/07)                                      4

cont—

1. Claim One Continued - "D. Cause of action"

Supporting Facts:

Officials named herein as Defendants who invariably made, at minimum, weekly rounds/inspections and often, daily rounds/inspections of the entire premises of the Special Housing Unit, during the period of 01-14 — 04-21-2011, In order of descending rank, title, these Supervisory Prison officials/Defendants are:

1. B.R. Davis, Warden of the USP-ADX, and to whom Plaintiff made both verbal and written (administrative remedy requests) complaints, and who failed or refused to remedy/correct the aforementioned conditions of confinement which Plaintiff asserts violated his constitutional rights under the 5th, 8th and 14th amendments and, caused Plaintiff serious, irreparable physical and psychological injury and harm, and that

2. Plaintiff also made numerous and similar complaints concerning conditions of confinement on "Nut Row", to the Supervisor of the Psychology Department, Dr. P. Zhan, who made both weekly and sometimes daily rounds/inspections of the SHU, and who also demonstrated deliberate indifference by failing/refusing to remedy/correct the conditions of confinement of "Nut Row" and thereby participated in the violation of Plaintiff's constitutional rights (5th, 8th and 16th amendments) which caused Plaintiff serious, irreparable physical and psychological injury and harm, and that,

3. Plaintiff made frequent, numerous and similar complaints concerning the conditions of confinement in the SHU "Nut Row" to Associate Warden Munsen, who also responded/demonstrated deliberate indifference by failing/refusing to remedy/correct the complained of conditions and thereby violated Plaintiff's constitutional rights under the 5th, 8th and 14th amendments, which caused Plaintiff serious, irreparable physical and psychological injury/harm, and that,

4. Plaintiff made similar and numerous complaints about the conditions

(Rev. 1/30/07)

cont —

Page 3 of Claim one

**B.** Claim ~~Three~~ one: Continued - "D. Cause of action"

Supporting Facts:

of Confinement on "Nut Row" to Associate Warden Milusnic, who also demonstrated deliberate indifference to plaintiff complaints with sarcastic, derisive comments ("be sure to spell my name right when you file") and, by failing/refusing to remedy/correct the complained of conditions and thereby violated Plaintiff's constitutional rights under the 5th, 8th and 14th amendments, which caused Plaintiff serious, irreparable physical and psychological harm/injury, and that,

5. Plaintiff also made numerous and frequent complaints concerning the conditions of confinement on "Nut Row" to Defendant Chief Correctional Supervisor Krist, who's failure/refusal to remedy/correct the aforementioned conditions, violated Plaintiff 5th, 8th and 14th amendment rights and thereby caused Plaintiff serious harm in the form of physical and psychological injury, and that,

6. Plaintiff made similar and numerous complaints to Defendant Chief Correctional Supervisor Lloyd, who frequently accompanied Chief Correctional Supervisor Krist on his daily/weekly rounds of the SHU. This defendant's failure/refusal to remedy/correct the complained of conditions of confinement on "Nut Row" violated Plaintiff's constitutional rights under the 5th, 8th and 14th amendments and thereby caused Plaintiff serious, irreparable physical and psychological injury,

7. Plaintiff made numerous and frequent complaints concerning conditions of confinement on "Nut Row" when Defendant/Unit manager P. Rangel made weekly rounds. This particular Defendant once asked Plaintiff if his swollen, infected eyes were the result of insomnia from the continuous din of noise on "Nut Row", thereby demonstrating that she, like all the Defendants/Supervisory Personell, were aware of the complained of conditions and knowingly disregarded them by failing/refusing to remedy/correct them. In doing so, Defendant P. Rangel violated Plaintiff's constitutional rights (5th, 8th and 14th amendments) and caused Plaintiff serious, irreparable harm in the form of physical and psychological injury, and that,

8. Plaintiff also made very similar, frequent and numerous complaints

(Rev. 1/30/07)

Cont

Page 4 of Claim one.

**1.** Claim one: Continued - "D. Cause of action"

Supporting Facts:

regarding the conditions of confinement on "nut row" to Correctional Supervisor/Defendant Jensen who was the "day watch" (daytime) "SHU Lieutenant"/Supervisory Prison guard w/uniform, who made daily rounds/inspections of the entire SHU, for many weeks, during the time that Plaintiff was confined to "nut row" (01·14 – 04·21·2011). This Defendant made similar derisive and sarcastic comments to Plaintiff regarding the correct spelling of his name, in response to Plaintiffs complaints, and in addition to his failure/refusal to correct the previously described conditions on "nut row", demonstrated deliberate indifference to the violation of Plaintiffs constitutional rights under the 5th, 8th and 14th amendments and thereby participated in the serious harm/physical-psychological injury caused by all of the previously named Defendants, Herein.

Sworn to this 2nd day of July, 2012, under penalty of perjury pursuant to USC 28 §1746.

x *Peter P. Mouchin*
Plaintiff-Pro-se

USP-ADX
PO Box 8500
Florence, CO. 81226-8500

(Rev. 1/30/07)

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: ① Warden Hood, et al., ② Bier, et al.

2. Docket number and court name: ① Unknown — ② 1:07-cv-02593-CMA-MEH

3. Claims raised in prior lawsuit: Constitutional Violations

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): ① "Hood", Dismissed ② Summary Judgment Granted

5. If the prior lawsuit was dismissed, when was it dismissed and why? ① "Hood", 2005 ② Summary Judgment ① Dismissed as Frivolous ② 2010

6. Result(s) of any appeal in the prior lawsuit: ① Affirmed ② Affirmed

See "E. Previous Lawsuits" Attachment

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   ✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)                                                    7

Attachment; "E. Previous Lawsuits"   (2 of 2 pages)

③ Warden, Name Unknown, Springfield Medical Ctr., Docket # Unknown - Co-Plaintiff: J. McBride Springfield, Missouri, District Ct, US. Inadequate Law Library - Settled; 1985

④ Warden, Name Unknown (Miller?), Docket # Unknown, US Dist. Ct., Benton, Ill. Indefinite Sanctions, Violations of Policy, Inadequate Medical Care. Settled, 1981 (?).

—End—

(7)

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

1.) Jury Trial Demand,

2.) Award of Compensatory and punitive damages for Constitutional violations/Serious injuries, harm,

3.) Appointment of experienced, Competant Counsel due to Complexity of Legal issues, number of Defendants, Plaintiffs Physical and psychological injuries/disabilities ("Stroke"), (Partial Blindness, Partial paralysis, Loss of memory and, Potential for "class action" designation/Certification.)

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on 07-02-2012
(Date)

P. mauelin
(Prisoner's Original Signature)