IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01449-RM-BNB

PETER P. MAUCHLIN,

Plaintiff,

v.

B.R. DAVIS, Warden,
DR. P. ZHAN, Psychologist,
MUNSEN, Associate Warden,
MILUSNIC, Associate Warden,
KRIST, Chief Correctional Supervisor,
LLOYD, Chief Correctional Supervisor,
P. RANGEL, Unit Manager, and
JENSEN, Correctional Supervisor,

Defendants.
_____

**ORDER**
_____

This matter arises on numerous letters, notices, and "exhibits" filed by the plaintiff in documents ## 22, 25, 28, 30, 31, 37, 46, 54, 55, 57, 58, 59, 60, 61, 64, 66, 67, 74, 76, 84, 86, 87, and 88. The documents are STRICKEN.

The plaintiff initiated this case by filing a Prisoner Complaint [Doc. #1]. The Prisoner Complaint contains Exhibits 1 through 13. The plaintiff was ordered to file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure. The Amended Prisoner Complaint [Doc. #12] asserts one claim regarding the plaintiff's conditions of confinement while housed in the Special Housing Unit at the United States Penitentiary, Administrative Maximum in Florence, Colorado. The Amended Prisoner Complaint does not contain any exhibits.

Since filing his Amended Prisoner Complaint, the plaintiff has littered the case file with letters, notices, and "exhibits." (Indeed, his latest filing contains Exhibit # 50.) The plaintiff requests that some of the exhibits be considered with the Amended Prisoner Complaint and others be considered with his response to the defendants' motion to dismiss. Some exhibits are filed without any instruction. Several of the filings contain three copies of the same exhibit. A few of the filings contain exhibits that have already been filed. Many of the exhibits are irrelevant to the plaintiff's claims.

The plaintiff may not file evidence in this manner. All exhibits must be attached to a complaint or a brief at the time of filing, and only one copy need be attached. In addition, the attached exhibits must be relevant to the issues raised by the complaint or brief.

The plaintiff may not amend his Amended Prisoner Complaint merely by filing exhibits. Instead, he must file a motion seeking leave to amend, and he must attach to the motion the entire proposed second amended complaint. The plaintiff may not incorporate by reference into the second amended complaint his original Complaint or his Amended Complaint. The second amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims, allegations, and exhibits. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").[1]

In addition to the inappropriately filed exhibits, the plaintiff has filed several letters and

---

[1] Before he began to file the exhibits, the plaintiff was advised to "keep his own copies of any documents that he files wit the Court." *Minute Order*, issued July 9, 2012 [Doc. #9]. Therefore, the plaintiff should be in possession of all stricken documents in the event he would need them to support a proposed second amended complaint, to support a future brief, or at trial.

notices. Rule 10(a), Fed. R. Civ. P., requires all papers to have a caption with the court's name, a title, and a file number. All requests "for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). "The rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). The plaintiff has improperly submitted several requests for relief in the form of letters and notices, not in the form of motions, as required.

IT IS ORDERED:

1. Documents ## 22, 25, 28, 30, 31, 37, 46, 54, 55, 57, 58, 59, 60, 61, 64, 66, 67, 74, 76, 84, 86, 87, and 88 are STRICKEN;

2. The plaintiff shall cease filing "exhibits" unless they are filed in accordance with this order;

3. The plaintiff shall cease filing letters and notices. All future requests for relief shall be filed in the form of a motion in compliance with Rules 7 and 10; and

4. Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated July 15, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge