**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 12-cv-01449-RM-BNB

PETER P. MAUCHLIN,

Plaintiff,

v.

WARDEN B.R. DAVIS,
DR. P. ZHON, Psychologist,
ASSOCIATE WARDEN MUNSON,
ASSOCIATE WARDEN MILUSNIC,
CHIEF CORRECTIONAL SUPERVISOR KRIST,
CHIEF CORRECTIONAL SUPERVISOR LLOYD,
UNIT MANAGER P. RANGEL, and
CORRECTIONAL SUPERVISOR JANSON,

Defendants.

---

**ORDER**

---

This matter is before the Court on United States Magistrate Judge Boyd N. Boland's Recommendation ("Recommendation") (ECF No. 132) and Defendants' Objection to the Recommendation ("Objection") (ECF No. 133). Magistrate Judge Boland recommended that this Court grant Defendants' Motion to Dismiss (ECF No. 121) Plaintiff's Second Amended Complaint ("Complaint") (ECF No. 115) in its entirety as to Plaintiff's Fifth and Fourteenth Amendment claims. As to Plaintiff's Eighth Amendment claim, Magistrate Judge Boland recommended this Court grant Defendants' Motion to Dismiss as to Defendant Davis and deny as to Defendants Zohn, Munson, Milusnic, Krist, Lloyd, Rangel, and Janson.

For the reasons stated below, the Court AFFIRMS, ADOPTS, and MODIFIES in Part the Recommendation, OVERRULES in Part Defendants' Objection, GRANTS Defendants' Motion to Dismiss Plaintiff's Fifth and Fourteenth Amendment Claims, GRANTS Defendants' Motion to Dismiss to the extent Plaintiff's Complaint asserts supervisory liability under the Eighth Amendment as to all Defendants, GRANTS Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim based upon personal participation as to Defendant Davis and DENIES Defendants' Motion to Dismiss Plaintiff's Eighth Amendment personal participation claim as to the remaining Defendants.

## I. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**B. Standards for Dismissal**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . ." *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### C. *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

### D. *Biven's* Claims

Plaintiff brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 115 at 4.) Under *Bivens*, "'it is particularly important' that plaintiffs 'make clear exactly who is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225

(10th Cir. 2013) (alteration in original) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). "When various officials have taken *different* actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls*, 718 F.3d at 1225-26 (emphasis in original and citations omitted). "It is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable . . . *Bivens* claim." *Id*. at 1226 (emphasis in original) (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

## II. FACTUAL AND PROCEDURAL BACKGROUND

No party objects to the Magistrate Judge's recitation of Plaintiff's factual allegations against Defendants or to the Magistrate Judge's recitation of the case's procedural history. Accordingly, the Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein. (ECF No. 132 at 2-6.)

Briefly, Plaintiff, at times relevant to the Complaint, was an inmate of the Federal Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary, Administrative Maximum in Florence Colorado ("ADX"). (ECF No. 115 at 6.) Plaintiff's Complaint arose from his conditions of confinement while housed in the ADX's "Lower 'A' Range" or the "Special Housing Unit" ("SHU"). (ECF No. 115 at 6.) Plaintiff made several general allegations that pertain to all Defendants or are couched in the passive-voice with the actor who subjected him to such treatment left undefined. (ECF No. 115 at 4-13.) Additionally, Plaintiff made specific allegations as to each Defendant regarding that Defendant's treatment of him. (ECF No. 115 at 13-18.)

Plaintiff brought claims against all Defendants for violating his Fifth, Eighth, and Fourteenth Amendment rights. (ECF No. 115 at 13-18.) Plaintiff did not specify which of his Fifth and Fourteenth Amendment rights are at issue despite briefly referring to "equal protection" and "due process" rights. (ECF No. 115 at 12-13.) The Magistrate Judge found no allegations supporting a Fourteenth Amendment claim. (ECF No. 132 at 6.) Moreover, the Magistrate Judge concluded that the Fifth Amendment claim was the improper vehicle for asserting the claims herein. (ECF No. 132 at 6-7.) No party filed an objection as to the Magistrate Judge's Recommendation with respect to Plaintiff's Fifth and Fourteenth Amendment claims.

## III. ANALYSIS

The Court has reviewed the Recommendation, Defendants' Objection, and all relevant pleadings. The Court concludes that Magistrate Judge Boland's analysis of the issues[1] was thorough and his conclusions were correct. As an additional ground for dismissal of claims against Defendant Davis, this Court holds Defendant Davis is entitled to qualified immunity.

### A. Eighth Amendment Claim against Defendants

Plaintiff claimed the conditions during his incarceration in the SHU were egregious enough to violate his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 115 at 6-18.)

[1] Plaintiff filed no objections to any aspect of the Recommendation. Defendants do not object with respect to the Magistrate Judge's recommendation to dismiss Plaintiff's Fifth and Fourteenth Amendment claims against Defendants. (ECF No. 133 at 2 n.2.) Because no party filed a timely and specific objection to these aspects of the Recommendation and this Court finds no clear error in the Magistrate Judge's analysis, this Court adopts the Recommendation with respect to dismissing Plaintiff's Fifth and Fourteenth Amendment claims alleging "equal protection" and "due process" violations. (*See* ECF No. 132 at 6-7.)

Under *Bivens*, an individual cannot be held liable unless he or she *caused* or *participated* in an alleged constitutional violation.  *Pahls*, 718 F.3d at 1225 (citing *Iqbal*, 556 U.S. at 676); *Jackson v. Grondolsky*, Case No. 09-5617, 2011 WL 13704, at *5 (D.N.J. Jan. 3, 2011) (holding that "personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights") (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995) and *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  There must be an affirmative link between the alleged constitutional violation and the defendant's own participation *or* failure to supervise. *Serna v. Colorado Dep't of Corrs.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006).  "[I]n all cases, a plaintiff must show that each defendant acted with the requisite state of mind." *Pahls*, 718 F.3d at 1226 (citation omitted).

In regard to supervisory liability, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *accord Pahls*, 718 F.3d at 1225.  Under *Bivens*, a plaintiff asserting a claim of supervisory liability may proceed against a defendant-supervisor only by demonstrating:  (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Pahls*, 718 F.3d at 1225 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).  "A plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Id*. at 1226.

To state a "conditions of confinement" claim under the Eighth Amendment, Plaintiff must have pled facts establishing that "(1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference' to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "In order to satisfy the first requirement, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. With regard to the second requirement, the Supreme Court has explained that deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result. The [Supreme] Court defined this deliberate indifference standard as equal to recklessness, in which a person disregards a risk of harm of which he is aware." *Id*. at 971-72 (internal quotations and citation omitted). Thus, an Eighth Amendment claim has both an objective[2] (was the deprivation sufficiently serious) and subjective (did the officials act with a sufficiently culpable state of mind) component. *See Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

In regard to the subjective component of whether an official acted with deliberate indifference,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

[2] The Magistrate Judge found that Defendants did not challenge whether Plaintiff adequately pled facts establishing an objectively serious deprivation of his Eighth Amendment Rights, *i.e.*, the conditions of his confinement posed a substantial risk of serious harm. (ECF No. 132 at 10 n. 4 (citing ECF No. 121 at 9 n.5).) No party filed an objection to this finding. The Court finds no clear error in this finding and thus adopts this aspect of the Recommendation.

*Farmer*, 511 U.S. at 837; *accord DeSpain*, 264 F.3d at 975. Thus, deliberate indifference "requires both knowledge and disregard of possible [substantial] risks. . . ." *DeSpain*, 264 F.3d at 975.

The Court will, below, separately examine the allegations supporting Plaintiff's Eighth Amendment claim against Defendants in reference to the Magistrate Judge's dismissal or nondismissal recommendations.

1. Defendant Davis

The Magistrate Judge recommended dismissal of Plaintiff's Eighth Amendment claim against Defendant Davis for "failure to allege personal or supervisory participation" in the alleged Eighth Amendment violation. (ECF No. 132 at 9.) In this regard, Magistrate Judge Boland relied primarily upon case law holding that mere copying of grievances or complaints to a warden is insufficient to establish personal liability. *See*, *e.g.*, *Davis v. Arkansas Valley Corr. Facility*, 99 Fed. App'x 838, 843 (10th Cir. 2004)[3]. No objection has been filed to this aspect of the Recommendation. Accordingly, the Court reviews the Magistrate Judge's Recommendation for clear error. Having reviewed the Recommendation and the record, the Court discerns no clear error on the face of the Recommendation. The Court finds that Magistrate Judge Boland's Recommendation to dismiss Plaintiff's Eighth Amendment claim against Defendant Davis is sound.

[3] The Magistrate Judge correctly observed implicitly that Plaintiff's specific allegations against Defendant Davis (ECF No. 115 at 13-14) were different from those specific allegations against the other Defendants (ECF No. 115 at 14-17). (*See* ECF No. 132 at 9-10.) Plaintiff's specific allegations as to each Defendant other than Defendant Davis included an allegation that that individual Defendant either "made rounds" or "inspect[ed]" Plaintiff's cell and personally witnessed Plaintiff's conditions of confinement. (*See* ECF No. 115 at 13-17.) With respect to Defendant Davis, Plaintiff's specific allegations were narrower. Further, this Court finds significant Plaintiff's failure to file an objection with respect to the Magistrate Judge's Recommendation as it pertains to Defendant Davis (ECF No. 132 at 9). The Court will not construct a legal theory for Plaintiff nor supply an objection to the Recommendation when none is made. *See Whitney*, 113 F.3d at 1173-74.

2.      Defendants Zohn, Munson, Milusnic, Krist, Lloyd, Rangel, and Janson

The Magistrate Judge recommended not dismissing Plaintiff's Eighth Amendment claim

against Defendants Zohn, Munson, Milusnic, Krist, Lloyd, Rangel, and Janson (collectively, the

"Seven Defendants").  (ECF No. 132 at 10.)  The Magistrate Judge held that Plaintiff alleged

sufficient facts "to state a plausible [Eighth Amendment] claim" against the Seven Defendants as

they "directly participated in subjecting [P]laintiff to the alleged unconstitutional conditions of

confinement (as opposed to supervisory participation)" and were "deliberately indifferent" to the

risk to Plaintiff's health.  (ECF No. 132 at 10-11.)  Defendants filed objections to these aspects

of the Recommendation.  (ECF No. 133 at 4-9.)  Defendant's object on the bases that Plaintiff

failed to allege: (1) each Defendant's personal involvement in the alleged constitutional

violation; (2) each Defendant's supervisory involvement in the alleged constitutional violation;

(3) sufficient facts that would "connect the substance of his lawsuit to his interactions with the

named Defendants"; and (4) facts establishing that each of the Seven Defendants knew of and

disregarded a risk to Plaintiff's health or safety.

a.      *Personal Participation and Connection to Each Named Defendant*

There exists a tension between this Court's obligation to construe Plaintiff's *pro se*

Complaint liberally, *see Haines*, 404 U.S. at 520-21, and this Court's obligation to ensure

Plaintiff's *Bivens* Complaint specifies *who* did *what* to him, *see Pahls*, 718 F.3d at 1225.  Thus,

this Court looks both to Plaintiff's general allegations as they pertain to the Seven Defendants

and Plaintiff's specific allegations as to each of the Seven Defendants.  Plaintiff's Complaint, in

general, alleged that the conditions of his confinement were "unsanitary and excessively noisey

[sic]."  (ECF No. 115 at 6.)  In regard to the unsanitary conditions, Plaintiff alleged that his cells

had "streaks of feces, mucous, urine, spit, etc., on walls, ceilings, and floors" and that he was required to eat in such conditions.  (ECF No. 115 at 8.)  In regard to the noisy conditions, Plaintiff alleged that he was subjected to on a "daily basis and late into the night, a high decibel, constant volume of 'excessive noise' consisting of yelling (conversationally), screaming (in fear, anger), frequently supplemented by the loud banging (kicking?). . . ." (ECF No. 115 at 6.) Plaintiff alleged that "any of [the Seven Defendants] could have . . . ordered Plaintiff[']s removal from [the SHU] to a (vastly) cleaner and quieter area. . . ."  (ECF No. 115 at 11.)  Standing alone, these general allegations likely would be insufficient to state an Eighth Amendment Claim.  But Plaintiff made further allegations with respect to each of the Seven Defendant's personal participation in these conditions of confinement.  Plaintiff made specific allegations with regard to each of the following Seven Defendants:

(1)  With respect to Defendant Zhon, Plaintiff alleged that Defendant Zhon "made rounds/inspections" of Plaintiff's confinement area, that Plaintiff complained to Defendant Zhon personally about his confinement conditions, and that Defendant Zhon "refused to correct or remedy" the confinement conditions.  (ECF No. 115 at 14.)

(2)  With respect to Defendant Munson, Plaintiff alleged that Defendant Munson made inspections of Plaintiff's cell, that Plaintiff complained to Defendant Munson about his confinement conditions, and that Defendant Munson refused to correct or remedy the confinement conditions.  (ECF No. 115 at 14.)

(3)  With respect to Defendant Milusnic, Plaintiff alleged that Defendant Milusnic made "rounds" of Plaintiff's confinement area, that Plaintiff complained to Defendant Milusnic about

his confinement conditions, and that Defendant Milusnic did not correct or remedy the confinement conditions.  (ECF No. 115 at 14-15.)

(4)  With respect to Defendant Krist, Plaintiff alleged that he complained to Defendant Krist about the confinement conditions, that Defendant Krist made rounds of Plaintiff's confinement area, and that Defendant Krist did not correct or remedy the confinement conditions.  (ECF No. 115 at 15-16.)

(5)  With respect to Defendant Lloyd, Plaintiff alleged that he complained to Defendant Lloyd about the confinement conditions, that Defendant Lloyd made rounds of the confinement area, and that Defendant Lloyd took no actions to correct or remedy the confinement conditions. (ECF No. 115 at 15-16.)

(6)  With respect to Defendant Rangel, Plaintiff alleged that Defendant Rangel made rounds of Plaintiff's confinement area, that Plaintiff complained to Defendant Rangel about his confinement conditions, and that Defendant Rangel did not correct or remedy the confinement conditions.  (ECF No. 115 at 16-17.)

(7)  With respect to Defendant Janson, Plaintiff alleged that Defendant Janson made rounds of the confinement area, that Plaintiff complained to Defendant Janson about the confinement area conditions, and that Defendant Janson took no action to remedy or correct the confinement conditions.  (ECF No. 115 at 17-18.)

When the general allegations as to all Seven Defendants and the specific allegations as to each of the Seven Defendants are read together, Plaintiff sufficiently pled facts to state a *Bivens* claim based upon the Seven Defendants' personal participation in the alleged constitutional violation.  Plaintiff alleged *who* (Zhon, Munson, Milusnic, Krist, Lloyd, Rangel, and Janson) did

*what* (failed to remedy the confinement conditions that were unsanitary and excessively noisy) to him. (ECF No. 115 at 6-18.) Thus, *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (arising in the context of the defendants' asserting a qualified immunity defense), is distinguishable from the present matter because each of the Seven Defendants has fair notice of what each (reading in conjunction both the general and specific allegations) allegedly did to Plaintiff. Further, in *Robbins*, the court specifically noted that "allegedly tortious acts committed" by certain defendants "are entirely different in character and therefore are mistakenly grouped in a single allegation." *Robbins*, 519 F.3d at 1250. In contrast, here, Plaintiff alleges a single constitutional violation regarding his confinement conditions and each of the Seven Defendant's failure to remedy the violation. Hence, it is proper for Plaintiff to have made a single allegation as applicable to all Seven Defendants.

Defendants object on the basis that Plaintiff's "specific allegations" with respect to the Seven Defendants are repetitive and "nothing more than a generic" statement which make no distinction as to what acts are attributable to whom. (ECF No. 133 at 6-7.) Defendants' objection, in this regard, is self-defeating. Because the prison environment is highly regulated and daily life is necessarily repetitive, *see Hudson v. Palmer*, 468 U.S. 517, 526-28 (1984), it is logical that Plaintiff's confinement conditions allegation would be the same for each Defendant and each of the Seven Defendant's personal participation in the singular alleged constitutional violation, each Defendant's failure to remedy the confinement conditions, would be similar.

Therefore, this Court overrules Defendants' objections that Plaintiff failed to allege facts sufficient (1) to establish the Seven Defendants' personal participation in the alleged

constitutional violation and (2) to connect the substance of his lawsuit with each of the Seven Defendants.

b. *Supervisory Participation*

None of the allegations identified *supra* in III.A.2.a with respect to each of the Seven Defendants, or any allegations with respect to Defendant Davis, implicated their role as "supervisors." Plaintiff's Complaint did not identify a policy as to which any Defendant "promulgated, created, implemented, or possessed responsibility for the continued operation of [that] policy." *See Pahls*, 718 F.3d at 1225-26 (holding that a plaintiff may proceed on a claim of Eighth Amendment supervisory liability claim only by identifying a policy that resulted in a constitutional violation and showing that a defendant possessed responsibility for such policy). Plaintiff's Complaint did not link any Defendant's conduct to a policy. Plaintiff's vague allegations regarding particular Defendant's supervisory or managerial status were insufficient to state an Eighth Amendment supervisory liability claim. *See id*. By only addressing whether Plaintiff's Complaint stated a claim against the Seven Defendants for personal participation, the Magistrate Judge correctly found implicitly that Plaintiff did not allege sufficient facts to state an Eighth Amendment supervisory liability claim. (*See* ECF No. 132 at 10.)

Defendants object on the basis that Plaintiff undermined his claim by pleading that the Seven Defendants have "upper managerial status/authority" (ECF No. 115 at 11). (ECF No. 133 at 5.) Plaintiff also pled that Defendant Janson is a "correctional supervisor" (ECF No. 115 at 17). Defendants may be correct that each of the Seven Defendants is a supervisor but that is not the issue in determining whether Plaintiff adequately pled facts sufficient to state a *Bivens* claim predicated upon the Seven Defendants' personal participation. Plaintiff's allegations that these

individuals have supervisory status and that these individuals personally participated in the alleged constitutional violation are not mutually exclusive.  Rather, Plaintiff's Complaint sufficiently alleged that these Seven Defendants, by their own actions, violated his constitutional rights.  *See Iqbal*, 556 U.S. at 676; (*see* ECF No. 115 at 11 (*Additionally*, given the Defendants['] upper managerial status/authority. . . .") (emphasis added)).  Thus, this case is distinguishable from *Bingham v. Zavares*, Case No. 10 CV 604, 2011 WL 2610124, at *4-6 (D. Colo. Apr. 20, 2011) (affirmed and adopted in *Bingham v. Zavares*, Case No. 10 CV 604, 2011 WL 2601789, at *1 (D. Colo. July 1, 2011)).  In *Bingham*, the court held that because Bingham failed to plead facts regarding certain defendants "personal participation in" the alleged constitutional violation, he failed to state a valid *Bivens* claim.  *Id*.

Thus, this Court overrules Defendants' objection that the Magistrate Judge had to determine whether Plaintiff's Complaint alleged supervisory liability for an alleged constitutional violation.

c. *Deliberate Indifference*

Defendants' objection to the Magistrate Judge's Recommendation with respect to the subjective component of an Eighth Amendment claim is hardly a model of clarity.  Defendants appear to rely upon their argument in support of dismissing Plaintiff's claim for failure to adequately plead a *Bivens* claim and its prior briefing.  (ECF No. 133 at 8-9.)  Defendants' objection is without merit.  Having previously determined that Plaintiff adequately pled a *Bivens* claim regarding the Seven Defendants' personal participation in the alleged constitutional violation, Plaintiff need only have pled facts which plausibly state that these individuals acted deliberate indifference.  As stated previously, deliberate indifference "requires both knowledge

and disregard of possible [substantial] risks. . . ." *DeSpain*, 264 F.3d at 975. Plaintiff alleged that the Seven Defendants made rounds in the SHU. (ECF No. 115 at 14-18.) Since these Seven Defendants were exposed to Plaintiff's conditions, Plaintiff adequately pled that these individuals had the requisite knowledge. Plaintiff alleged that he complained to each of the Seven Defendants regarding the unsanitary and noisy conditions of his confinement (ECF No. 115 at 6-18) and that each of these individuals failed to remedy or correct the alleged constitutional violation (ECF No. 115 at 14-18). Thus, Plaintiff adequately pled that these individuals exercised deliberate indifference by disregarding the substantial risk his confinement conditions posed to his health.

**B. Qualified Immunity**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted). To resolve a claim of qualified immunity, the Court must consider two elements: (1) whether a constitutional violation occurred, and (2) whether the violated right was "clearly established" at the time of the violation. *Id*. at 230-31. The Court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236; *accord Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). "Qualified immunity is applicable unless the plaintiff can satisfy both prongs of the inquiry." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009). Whether a right is "clearly established" is an objective test:

> [t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.

*Brown*, 662 F.3d at 1164 (internal quotation and citation omitted). A right is "clearly established" if the "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Tenth Circuit has instructed that *Bivens* liability and the defense of qualified immunity often travel hand-in-hand. *Pahls*, 718 F.3d at 1227.

The Court will, below, separately examine the arguments supporting Defendants' motion to dismiss on the basis of qualified immunity in reference to the Magistrate Judge's dismissal or nondismissal recommendations.

1. <u>Defendant Davis</u>

The Magistrate Judge did not reach the issue as to whether Defendant Davis is entitled to qualified immunity. (*See generally* ECF No. 132.) Defendant Davis objects to the Recommendation's failure to address this issue. (ECF No. 133 at 9 n.7.) Having previously determined that Plaintiff failed to adequately plead a *Bivens* claim that Defendant Davis violated his Eighth Amendment Rights, the Court holds that Defendant Davis is entitled to qualified immunity. *See Pearson*, 555 U.S. at 232 (holding that the first prong of the qualified immunity defense is whether a plaintiff can establish facts demonstrating a constitutional right violation).

2. <u>Defendants Zohn, Munson, Milusnic, Krist, Lloyd, Rangel, and Janson</u>

Because Plaintiff sufficiently pled facts to state a *Bivens* claim against the Seven Defendants for his conditions of confinement, the Magistrate Judge held that the Seven

Defendants are not entitled to qualified immunity. (ECF No. 132 at 11-12.) Defendants object to this aspect of the Recommendation on the basis that Plaintiff had failed to adequately state such a claim. (ECF No. 133 at 9.) Again, because Plaintiff sufficiently alleged facts regarding the Seven Defendants personal participation in his confinement conditions which violated the Eighth Amendment, *see supra* III.A, Plaintiff meets the first prong defeating qualified immunity. And because it is clearly established that deliberate indifference in failing to remedy unsanitary confinement conditions consisting of human waste for an extended period of time violates the Eighth Amendment, *DeSpain*, 264 F.3d at 974-75, the Seven Defendants are not entitled to qualified immunity.

**IV. CONCLUSION**

Based on the foregoing and a *de novo* review as to which an objection was filed, the Court:

(1) ADOPTS, AFFIRMS, and MODIFIES the Recommendation (ECF No. 132), *to wit*, the Court AFFIRMS all aspects of the Recommendation and MODIFIES the Recommendation by finding that Defendant Davis is entitled to qualified immunity;

(2) OVERRULES in Part Defendants' Objection (ECF No. 133), *to wit*, the Court OVERRULES all aspects of Defendants' Objection with the exception that Defendant Davis is entitled to qualified immunity;

(3) GRANTS in Part Defendants' Motion to Dismiss (ECF No. 121), *to wit*, the Court grants Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim against Defendant Davis;

(4)     DENIES in Part Defendants' Motion to Dismiss (ECF No. 121), *to wit*, the Court denies Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim as to Defendants Zohn, Munson, Milusnic, Krist, Lloyd, Rangel, and Janson; and

(5)     GRANTS in Part Defendants' Motion to Dismiss (ECF No. 121), *to wit*, the Court dismisses

(i)  Plaintiff's Fifth and Fourteenth Amendment claims against all Defendants to the extent that the Complaint is construed to assert such claims, and

(ii)  all claims against Defendants based on supervisory liability under the Eighth Amendment to the extent the Complaint may be so construed.

DATED this 9th day of October, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge