IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01449-RM-BNB

PETER P. MAUCHLIN,

Plaintiff,

v.

DR. P. ZHAN, Psychologist,
ASSOCIATE WARDEN MUNSEN, Associate Warden,
ASSOCIATE WARDEN MILUSNIC, Associate Warden,
CHIEF CORRECTIONAL SUPERVISOR KRIST, Chief Correctional Supervisor,
CHIEF CORRECTIONAL SUPERVISOR LLOYD, Chief Correctional Supervisor,
UNIT MANAGER P. RANGEL, Unit Manager, and
CORRECTIONAL SUPERVISOR JENSEN, Correctional Supervisor,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The parties appeared this morning for a scheduling conference. At the conference, I was informed that the plaintiff suffers from severe cataracts, is nearly blind in his left eye and suffers reduced vision in his right eye, and expects to be approved for cataract surgery soon. In view of these facts, the plaintiff suggested that the action be stayed pending resolution of his vision problem.

Local rule of practice 41.2, D.C.COLO.LCivR, provides that "[a] district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause." I reviewed the administrative closure procedure with the parties at the conference this morning, and all parties consented to have the case administratively closed.

I respectfully RECOMMEND that the action be closed administratively subject to reopening for good cause shown after the plaintiff's vision problem is addressed.[1]

Dated January 12, 2015.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).