**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01449-RM-BNB

PETER P. MAUCHLIN,

      Plaintiff,

v.

DR. P. ZHON, Psychologist,
ASSOCIATE WARDEN MUNSON,
ASSOCIATE WARDEN MILUSNIC,
CHIEF CORRECTIONAL SUPERVISOR KRIST,
CHIEF CORRECTIONAL SUPERVISOR LLOYD,
UNIT MANAGER P. RANGEL, and
CORRECTIONAL SUPERVISOR JANSON,

      Defendants.

---

## ORDER

---

    This matter is before the Court on United States Magistrate Judge Boyd N. Boland's

Recommendation ("Recommendation") (ECF No. 160).  Magistrate Judge Boland recommended

that the Court administratively close the case pursuant to Local Rule 41.2 subject to reopening

for good cause after Plaintiff Peter P. Mauchlin's vision problem is addressed.  (ECF No. 160 at

1-2.)

    For the reasons stated below, the Court ADOPTS the Recommendation.

## I.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).  An objection to a recommendation is proper if it is filed timely in accordance with the

Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus

attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United*

*States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*,

474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court

may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*,

927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation.").

### B.     *Pro Se* Status

Plaintiff is proceeding *pro se*.  The Court, therefore, reviews his pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United*

*States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted).  A *pro se* litigant's

conclusory allegations without supporting factual averments are insufficient to state a claim upon

which relief can be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may

not assume that a plaintiff can prove facts that have not been alleged or that a defendant has

violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc.*

*v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113

F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf)

(citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a

court may not construct arguments or theories for the plaintiff in the absence of any discussion of

those issues) (citations omitted).  Plaintiff's *pro se* status does not entitle him to application of

different rules of civil procedure.  *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV

00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

## II.      FACTUAL AND PROCEDURAL BACKGROUND

No party objects to the Magistrate Judge's recitation of the factual and procedural

predicates to the Magistrate Judge's Recommendation.  (ECF No. 160 at 1.)  Plaintiff's factual

allegations against Defendants were previously adopted by the Court in a prior order.  (ECF No.

146 at 6-7; ECF No. 132 at 2-6.)

## III.     ANALYSIS

The Court has reviewed the Recommendation.  Because no party filed a timely and

specific objection to the Recommendation and the Court finds no clear error in the Magistrate

Judge's analysis, the Court adopts the Recommendation in its entirety.

## IV.     CONCLUSION

Based on the foregoing, the Court:

(1)      ADOPTS the Recommendation (ECF No. 160), *to wit*, the Court DIRECTS the

Clerk of the Court to ADMINISTRATIVELY CLOSE this matter, pursuant to Local Rule 41.2,

subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed; and

(2)     STAYS Plaintiff's obligation to pay the filing fee or to show cause as why he has no assets and no means by which to make each monthly payment until such time that the case is reopened (ECF No. 4).

DATED this 3rd day of February, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge