**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01449-RM-MJW

PETER P. MAUCHLIN,

    Plaintiff,

v.

DR. P. ZHON, Psychologist,
ASSOCIATE WARDEN MUNSON,
ASSOCIATE WARDEN MILUSNIC,
CHIEF CORRECTIONAL SUPERVISOR KRIST,
CHIEF CORRECTIONAL SUPERVISOR LLOYD,
UNIT MANAGER P. RANGEL, and
CORRECTIONAL SUPERVISOR JANSON,

    Defendants.

## ORDER

    Plaintiff Peter P. Mauchlin, appearing *pro se*, filed this action seeking damages alleging Defendants violated his rights under the Eighth Amendment[1] based on the conditions of his confinement in 2011 at the United States Penitentiary, Administrative Maximum in Florence, Colorado. By recommendation dated January 12, 2015, the Magistrate Judge, whom this matter was then before, recommended the Court administratively close this case pursuant to Local Rule 41.2 subject to reopening for good cause after vision problems Plaintiff was (and allegedly is) having were addressed. (ECF No. 160.) No objection was filed to the recommendation. By Order dated February 3, 2015, the Court adopted the recommendation and: (1) administratively closed this case subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed; and (2) stayed Plaintiff's obligation to pay the filing fee or to show cause as

---

[1] Plaintiff's other claims were dismissed. (ECF Nos. 132, 146.)

why he has no assets and no means by which to make each monthly payment until such time that the case is reopened (ECF No. 4).  (ECF No. 162.)

This matter is now before the Court on Plaintiff's request (the "Motion") seeking the following relief: (1) to reopen his administratively closed case ("vacate the Court[']s order, revive my lawsuit"); (2) to appoint counsel; and (3) to file a new lawsuit against "the current crop of prison officials/medical staff."  (ECF No. 163, page 1.)  In the Motion, with supporting exhibits, Plaintiff asserts his eye problems have not been addressed even though several months have passed, and this Court's order administratively closing this case was predicated on receiving medical treatment for such problems.  In response, Defendants do not challenge Plaintiff's assertion concerning the lack of action on Plaintiff's eye problems and take no position on the reopening of Plaintiff's case.  Defendants do contend, however, that if Plaintiff wishes to challenge his recent medical care, he must file a new lawsuit, and meet the necessary prerequisites for such a lawsuit.  (ECF No. 164.)

Upon an examination of the Motion, Defendants' Response, the Court file, and being otherwise fully advised, the Court finds: (1) Plaintiff has shown good cause to reopen this case; (2) Plaintiff's request for appointment of counsel will be referred to the Magistrate Judge for a determination; and (3) if Plaintiff wishes to challenge his recent/current medical care, he must file a new lawsuit.  It is therefore ORDERED

    (1) That Plaintiff's Motion (ECF No. 163) is GRANTED as to his request to open this case;

    (2) That the Clerk of the Court shall reopen this case;

    (3) That Plaintiff's Motion (ECF No. 163) requesting appointment of counsel is referred to the Magistrate Judge for determination;

(4) That Plaintiff shall make monthly payments on the required filing fee or show cause why he has no assets and no means by which to make each monthly payment, in accordance with the Magistrate Judge's Order dated June 6, 2012 (ECF No. 4);

(5) That the Clerk of the Court shall mail a copy of the June 6, 2012 Order to Plaintiff with this Order; and

(6) That if Plaintiff wishes to challenge his recent/current medical care, he must file a new lawsuit.

DATED this 1st day of September, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge