**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01449-RM-NYW

PETER P. MAUCHLIN,

    Plaintiff,

v.

DR. P. ZHON, Psychologist,
ASSOCIATE WARDEN MUNSON,
ASSOCIATE WARDEN MILUSNIC,
CHIEF CORRECTIONAL SUPERVISOR KRIST,
CHIEF CORRECTIONAL SUPERVISOR LLOYD,
UNIT MANAGER P. RANGEL, and
CORRECTIONAL SUPERVISOR JANSON,

    Defendants.

**ORDER ON MOTION FOR APPOINMENT OF COUNSEL**

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff Peter P. Mauchlin's ("Plaintiff" or "Mr. Mauchlin") Letter Request seeking, *inter alia*, appointment of counsel, filed on August 13, 2015 [#163] (the "Motion"). Pursuant to the Honorable Judge Raymond P. Moore's September 1, 2015 Order [#165] and September 3, 2015 memorandum [#170], the portion of the Motion seeking appointment of counsel is before this Magistrate Judge. In the Motion, Mr. Mauchlin bases his request for appointment of counsel on untreated vision issues that previously led to an agreed upon administrative closure of this case. [#163 at 1]. The court has reviewed the matter, relevant portions of the case file, and the applicable law, and is sufficiently advised as to the issues presented.

The trial court exercises its discretion in determining whether to appoint counsel in a civil case. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). The court also considers the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel. *See* Part III.C. of the U.S. District Court's Pilot Program to Implement A Civil Pro Bono Panel, www.cod.uscourts.gov/CourtOperations/RulesProcedures/PilotProjects.aspx. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Mauchlin's request for appointed counsel and the applicable factors. In his Second Amended Complaint, Plaintiff alleges a single Eighth Amendment claim asserting that, from January to April of 2011, the conditions of confinement in the ADX penitentiary cell where Plaintiff was then incarcerated were so noisy and noxious as co constitute cruel and unusual punishment. [#115]. Mr. Mauchlin is proceeding *in forma pauperis*, and as a *pro se* litigant he is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Upon examination of the Second Amended Complaint and applying the factors as set forth in the District's Pilot Program to Implement a Civil Pro Bono Panel, this court finds that the legal issues and facts presented are not sufficiently complex to warrant the appointment of counsel in this case at this time. Thus far, Mr. Mauchlin has adequately presented his claims. Mr. Mauchlin has previously avoided dismissal on the pleadings. [#146]. Mr. Mauchlin does not represent that he is denied access to the prison law library, and fails to make any showing that a denial of assistance will prevent him from pursuing any meritorious claim. [#163]. In addition, to the extent Mr. Mauchlin's request is predicated on allegedly untreated vision problems, this court has previously held that Mr. Mauchlin must file a separate action to pursue claims related to those conditions. [#165]. At this time, it is not clear that the merits of Mr. Mauchlin's claims in the instant case are sufficient for the court to request counsel to volunteer to represent him, and, in light of the applicable factors, the court cannot conclude that the interests of justice would be served by appointment of civil counsel.

Accordingly, IT IS ORDERED that the Motion is hereby DENIED WITHOUT PREJUDICE.

DATED September 21, 2015.                BY THE COURT:

                                         /s/ Nina Y. Wang_____
                                         United States Magistrate Judge