## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01449-RM-NYW

PETER P. MAUCHLIN,

    Plaintiff,

v.

DR. P. ZHON, Psychologist,
ASSOCIATE WARDEN MUNSON,
ASSOCIATE WARDEN MILUSNIC,
CHIEF CORRECTIONAL SUPERVISOR KRIST,
CHIEF CORRECTIONAL SUPERVISOR LLOYD,
UNIT MANAGER P. RANGEL, and
CORRECTIONAL SUPERVISOR JANSON,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff Peter P. Mauchlin's ("Plaintiff" or "Mr. Mauchlin") Renewed Motion to Appoint Counsel seeking, *inter alia*, appointment of counsel, raised orally at the Status Conference on December 29, 2015 [#179] (the "Renewed Motion"). Pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated September 1, 2015 Order [#165] and December 29, 2015 memorandum [#182], the Renewed Motion is before this Magistrate Judge. At the hearing, Mr. Mauchlin insisted that this court should grant his renewed request for appointment of counsel due to untreated vision issues that previously led to an agreed upon administrative closure of this case. [#163 at 1]. Due to Mr. Mauchlin's assertions that the actions of the Bureau of Prisons were impeding his ability to receive treatment for his eye

condition, this court ordered Defendants to file a Status Report on Mr. Mauchlin's eye treatment and the reasons why Mr. Mauchlin had not yet received the cataract surgery for which he had been allegedly approved.

Defendants filed the Status Report on January 11, 2016. [#184]. In that Status Report, Defendants included a declaration from Steve Cough, Mr. Mauchlin's treating optometrist. [#184-1]. Dr. Clough indicated that Mr. Mauchlin had been scheduled for cataract surgery on October 26, 2016, but refused to wear the custody control belt required for his transport. [*Id.* at ¶ 13]. As a result of his failure to comply, Mr. Mauchlin was not transported for surgery, and the failure to comply was interpreted as a refusal of his cataract surgery. [*Id.*]. Due to the refusal, the prior order for cataract surgery was rescinded, and in order to be seen by an ophthalmologist to receive a future cataract surgery, a new consultation is necessary. [*Id.* at ¶ 14]. Dr. Clough further attests that on January 8, 2016, he made an effort to schedule Mr. Mauchlin for an eye examination based on his complaints raised during the Status Conference on December 29, 2015, but Mr. Mauchlin refused and said that he was "not interested." [*Id.* at ¶ 15].

Mr. Mauchlin filed documents related to his eye condition on January 27, 2016. [#183, #189]. In both filings, Mr. Mauchlin attaches several historical documents and continues to insist that his cataract surgery was unduly delayed. *See, e.g.* [#189-6 at 1]. The documents reflect that Mr. Mauchlin was advised that he had been approved for the surgery; that "[y]ou will also be subject [sic] the proper security procedures for outgoing inmates;" and that "[f]ailure to comply with this request and consent will result in cancelation of your Ophthalmology Surgery." [#183-1 at 10]. Mr. Mauchlin states that he was informed that "MEDICAL TREATMENT HAD BEEN CANCELLED (<u>DENIED</u> TO ME) ON THE BASIS THAT I HAD REFUSED TO SIGN

A (NON-MEDICAL) DOCUMENT (THAT I COULD NOT SEE/READ.). [#183-1 at 20]. Mr. Mauchlin further denied that there was no "REASONABLE BASIS TO CANCEL MY TRIP TO THE HOSPITAL, THEREBY DENYING ME MEDICAL TREATMENT, SORELY NEEDED." [*Id.*].

Neither filing by Mr. Mauchlin addressed Dr. Clough's contention that he refused to wear the security belt required for his transport or Dr. Clough's contention that he attempted to follow-up with Mr. Mauchlin on January 8, 2016. [#183, #189]. The court anticipated asking Mr. Mauchlin to address these issues during the Status Conference on February 2, 2016, but Mr. Mauchlin declined to participate in the Status Conference, despite the court's order to do so on December 29, 2016. [#178, #190].

While the court does not doubt that Mr. Mauchlin was frustrated by the delay that he perceived was associated with his cataract surgery, nothing in Mr. Mauchlin's filing explains or justifies why Mr. Mauchlin failed to comply with the requirements of his transport, why Mr. Mauchlin refused to see Dr. Clough on January 8, or why Mr. Mauchlin refused to participate in the further Status Conference set by court order. Based on the record before it, this court can only conclude that Mr. Mauchlin's own actions have led to his failure to have cataract surgery at this point. The court is not inclined to appoint counsel in these circumstances, when there are limited resources to afford counsel in civil cases and where it appears that Plaintiff is refusing to comply with direction that could remedy the basis for his request for counsel, *i.e.*, that he is sight-impaired.

Accordingly, **IT IS ORDERED** that the Renewed Motion is hereby **DENIED**.

DATED: February 2, 2016

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge