**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01449-RM-NYW

PETER P. MAUCHLIN,

    Plaintiff,

v.

DR. P. ZHON, Psychologist,
ASSOCIATE WARDEN MUNSON,
ASSOCIATE WARDEN MILUSNIC,
CHIEF CORRECTIONAL SUPERVISOR KRIST,
CHIEF CORRECTIONAL SUPERVISOR LLOYD,
UNIT MANAGER P. RANGEL, and
CORRECTIONAL SUPERVISOR JENSON,

    Defendants.

___

**ORDER**
___

    This matter is before the Court on Plaintiff Peter P. Mauchlin's Sworn Declaration, with exhibit, (the "Objection") (ECF No. 193) requesting the following relief: (1) the vacating of Magistrate Judge Nina Y. Wang's Order of February 2, 2016 (the "Order") (ECF No. 192), which denied Mr. Mauchlin's request for appointment of counsel; (2) an independent investigation of Steve Clough's Declaration (ECF No. 184-1), because it is allegedly perjurious; (3) the sealing of "Theodore Kosinksi's",[1] the unabomber, medical records, because Dr. Clough allegedly revealed Mr. Kaczynski's confidential medical information; and (4) the recusal of the Magistrate Judge, because she allegedly abused her discretion in approving Defendants' counsel

___

[1] The Court assumes Plaintiff means Ted Kaczynski.

– rather than a "disinterested third-party" – to investigate and report on Mr. Mauchlin's vision treatment.  As Mr. Mauchlin proceeds *pro se*, the Court liberally construes the Objection (titled as a Sworn Declaration) as a combined objection to the Magistrate Judge's Order and motion for additional relief.  Upon consideration of the Objection, the Order, the Declaration of Steve Clough (the "Declaration"), the Court file, and the applicable statutes, rules, and case law, and being otherwise fully advised, the Court denies all relief requested.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Mauchlin filed this action alleging deliberate indifference to his conditions of confinement, in violation of the Eighth Amendment to the United States Constitution.  Upon the Recommendation of United States Magistrate Judge,[2] subsequently adopted by this Court, this case was administratively closed in light of Mr. Mauchlin's then impending cataract surgery.  (ECF Nos. 158-162.)

By letter dated August 10, 2015, Mr. Mauchlin requested this case be reopened based on assertions his eye problems had not been addressed.  By Order dated September 1, 2015, this case was reopened.  On December 29, 2015, the Magistrate Judge held a status conference where Mr. Mauchlin renewed a request for appointment of counsel due to vision problems.  The Magistrate Judge ordered Defendants to file, among other things, a status report setting forth the status of Mr. Mauchlin's eye treatment and the reasons why Mr. Mauchlin has not received the cataract surgery for which he had been allegedly approved.  The Magistrate Judge also set a further status conference for February 2, 2016.

---

[2] At that time, the magistrate judge assigned to this case was Magistrate Judge Boyd N. Boland. Upon Magistrate Judge Boland's retirement, this matter was reassigned to Magistrate Judge Wang upon her appointment.

On January 11, 2016, Defendants filed their Status Report, supported by Dr. Clough's Declaration, outlining Mr. Mauchlin's history of treatment for complaints of vision problems or cataracts since September 2014, just prior to the approval of Mr. Mauchlin for eye surgery. Dr. Clough's Declaration, with supporting documents, shows Mr. Mauchlin was scheduled for surgery on October 26, 2015, but he effectively rejected such surgery when he refused to wear a custody belt for the transport to his place of surgery. The Declaration further shows that, after the December 29, 2015, status conference, Dr. Clough requested Mr. Mauchlin be scheduled for an eye exam, but he refused. Defendants represent that if Mr. Mauchlin agrees to such evaluation, he will, at that time, be considered for referral for cataract surgery anew.

Mr. Mauchlin also submitted documents for the Magistrate Judge's consideration, before and after Defendants submitted their Status Report and Dr. Clough's Declaration. Among other things, Mr. Mauchlin's documents show he was evaluated by Dr. Clough in 2012 and 2013.

On February 2, 2016, the Magistrate Judge held the status conference as scheduled, but Mr. Mauchlin failed to appear. Based on the record before her, the Magistrate Judge denied Mr. Mauchlin's request for appointment of counsel, finding that it appeared Mr. Mauchlin was refusing to comply with direction that could remedy the basis for his request for counsel, *i.e.,* his vision impairment. On February 16, 2016, Mr. Mauchlin filed the Objection at issue.

## II.     ANALYSIS

### A.  *Pro Se* Filings

Mr. Mauchlin proceeds *pro se*. The Court, therefore, reviews his pleadings and other filings liberally and holds them to a less stringent standard than those drafted by

attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Mr. Mauchlin's *pro se* status, however, does not entitle him to application of different civil procedure rules. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10-CV-00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *affirmed and adopted in* 2010 WL 4449729. In this instance, the Court construes Mr. Mauchlin's Objection as a combined objection and motion. In the future, however, Mr. Mauchlin is expected – and directed – to properly title all his filings with the court, titling objections as such and requests for relief as motions.

### B. Objection to the Order

In considering objections to non-dispositive rulings by a Magistrate Judge, such as that at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks and citation omitted). The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069, at 350, 355 (2d ed. 1997). "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's

determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133; *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to law" standard appears to invite plenary review but noting that "many matters . . . might be better characterized as suitable for an abuse-of-discretion analysis").

Mr. Mauchlin's request for appointment of counsel is based on his vision impairment. The Order denying the request is based on the finding that Mr. Mauchlin's vision impairment may be remedied, but he refuses to comply with the requirements necessary to do so. Mr. Mauchlin argues the Order erroneously relied on Dr. Clough to deny relief. According to Mr. Mauchlin, Dr. Clough's Declaration is perjurious and Dr. Clough violated Mr. Kaczynski's privacy. The Court finds otherwise.

Starting with the alleged perjury, although not entirely clear, it appears Mr. Mauchlin contends that Dr. Clough has evaluated Mr. Mauchlin since 2012; therefore, Dr. Clough's statement that Mr. Mauchlin's disability dates back to 2014 is perjurious. The Court's review of Dr. Clough's Declaration shows no statement by Mr. Clough that Mr. Mauchlin's vision problems *began* in 2014. On the contrary, Dr. Clough indicates his *review* of Mr. Mauchlin's records was for the time period starting in September 2014. Similarly, Mr. Mauchlin contends Mr. Clough would not recommend treatment because the Bureau of Prisons would not pay for eye surgery, presumably arguing that Dr. Clough falsely represented to the Court the reasons why Mr. Mauchlin has not had eye surgery. The Court finds no support for such argument; therefore, it is rejected.

As for Mr. Kaczynski's alleged privacy rights, of which violation has not been shown, Mr. Mauchlin fails to show how he has standing to raise such rights much less how they are

relevant to the issue at hand.  Accordingly, the Court finds no abuse of discretion – or any legal error – in the Magistrate Judge's denial of Mr. Mauchlin's request for appointment of counsel.

### C. Other Relief Requested

In light of the Court's findings as stated above, Mr. Mauchlin's requests for an "independent investigation" of Dr. Clough's Declaration and for the "sealing" of Mr. Kaczynski's medical records are denied.

Mr. Mauchlin's request for recusal of the Magistrate Judge is also denied.  Pursuant to 28 U.S.C. § 455(a),[3] "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Similarly, under § 455(b)(1), a judge or magistrate judge should also be disqualified if he or she has a personal bias or prejudice concerning a party.  A judge's duty to recuse is continuing – it exists "before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient *factual grounds* exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (emphasis added).

Under this statute, the judge must recuse when there is the appearance of bias, regardless of whether there is actual bias.  *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  The test is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th

---

[3] Mr. Mauchlin cites to no legal authority in support of his request.  The Court assumes he is relying on 28 U.S.C. § 455.

Cir. 1995) (quotation omitted); *Cooley,* 1 F.3d at 993; *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001). The standard is purely objective. *See Nichols,* 71 F.3d at 350; *Cooley,* 1 F.3d at 993; *Scott v. Rubio*, 516 F. App'x 718, 722 (10th Cir. 2013) (unpublished). Factors that do *not* merit disqualification include prior rulings that were adverse to the moving party in this proceeding, or in another proceeding, solely because they were adverse. *See, e.g., Estate of Bishop,* 256 F.3d at 1058, *Fitzgerald v. Zenon*, 136 F. App'x 209, 211 (10th Cir. 2005) (unpublished).

In this case, Mr. Mauchlin does not assert much less show any bias or impartiality by the Magistrate Judge. Instead, he argues recusal is appropriate because the Magistrate Judge allegedly abused her discretion in approving Defendants' investigation of and reporting on Mr. Mauchlin's eye treatment. The Court finds to the contrary. First, the Magistrate Judge did not abuse her discretion in ordering Defendants to investigate and report on the status of Mr. Mauchlin's eye treatment.[4] Mr. Mauchlin has not shown otherwise. Second, an alleged abuse of discretion does not serve as a basis for recusal. Accordingly, no recusal is required.

### III. CONCLUSION

Mr. Mauchlin still fails to explain why he did not appear and participate in the February 2, 2016, status conference. Defendants have represented to the Court that Mr. Mauchlin may still be considered for the surgery he seeks. It is, however, up to Mr. Mauchlin to take action to do so. Based on the foregoing, the Court denies all relief requested. It is therefore **ORDERED**

    (1) That Plaintiff's Sworn Declaration (ECF No. 193), to the extent it is an objection to the Magistrate Judge's Order (ECF No. 192), is **OVERRULED**;

---

[4] To the extent Mr. Mauchlin's objection to the Order is also based on the Magistrate Judge's "approval," such objection is also overruled as the Court finds no error or abuse of discretion in the ordering of Defendants to provide the court with the requested information.

(2) That Plaintiff's Sworn Declaration (ECF No. 193), to the extent it is a motion seeking additional relief, is **DENIED** in all respects;

(3) That Plaintiff's Sworn Declaration (ECF No. 194) filed February 23, 2016, is **STRICKEN** as duplicative of the Sworn Declaration (ECF No. 193) filed February 16, 2016; and

(4) That Plaintiff shall properly title all future filings with the court, titling any objections to any order or recommendation by a magistrate judge as an "Objection," and titling requests for relief from the court as a "Motion."

DATED this 25th day of February, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge